315 So.2d 763 (1975)
STATE of Louisiana
v.
Earl GREEN.
No. 55890.
Supreme Court of Louisiana.
June 23, 1975.
*764 James A. McPherson, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
CALOGERO, Justice.
On August 23, 1973, the defendant, Earl Green, was charged by Grand Jury Indictment with murder. Prior to trial on April 23, 1974, the indictment was amended, without objection by defendant, to charge second degree murder. After trial he was found guilty as charged (by a 9-3 jury vote) and sentenced to serve his natural life at hard labor in the custody of the Director of the Department of Corrections without benefit of parole or probation.
We find reversible error in Bill No. 2 which arose during the following colloquy at trial (the State was cross-examining defendant's wife):

"CROSS-EXAMINATION
"EXAMINATION BY MR. VOLZ:
"Q. Mrs. Green, when did you meet your husband?
"A. Oh, I think in about March of `73.
"Q. March of `73?
"A. Yes.
"Q. Was that before or after he got out of the penitentiary?
"A. That was before.
"Q. Before he got out?
"A. Right." Tr. p. 16 (emphasis added).
At this point defendant's counsel objected to the question and the witness' response. The judge instructed the jury to strike from their minds the reference to penitentiary and consider only the charge in the Bill of Information. Defense counsel nonetheless requested that a mistrial be directed and the trial court denied the motion for mistrial, being satisfied that its admonition would suffice.
Three reasons are advanced by the State in support of the trial court's denial of defendant's motion for a mistrial. First, it is said that the defendant opened the door to character evidence by soliciting from Mrs. Green her knowledge of her husband's character. Thus under R.S. 15:481[1] the State was authorized to introduce evidence of his bad character. Second, it is claimed that any prejudice to the defendant from the question was cured by the trial court's admonition to the jury to disregard the State's question and the witness' reply. Third, the error, if any, is said to be harmless under C.Cr.P. Art. 921, because the State later elicited from the defendant the same information when he took the witness stand. The State contends, in this regard that defendant's argument that he was forced to take the stand (once the jury had learned he was an ex-convict) should be disregarded because such argument was not made to the trial court and because defendant would likely have taken the witness stand anyway to explain how he got blood on his clothes.
Defendant argues that a mistrial should have been granted under the mandate of C.Cr.P. Art. 770(2):
"Art. 770. Prejudicial remarks; basis of mistrial
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the *765 jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
"(1) . . .
"(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
"(3). . .
"(4). . .
"An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
As the prosecutor made a comment in the assertive question referring indirectly to another crime committed by the defendant (as to which it is contended evidence was not admissible), the trial judge's failure to order a mistrial constitutes reversible error, unless we should find merit in one or more of the three State arguments noted above.
With respect to the first contention, character evidence is established by "the general reputation that a man has among his neighbors . . . ." R.S. 15:479. Defendant's wife did not give any character evidence,[2] and there is no allegation that defendant had previously placed his character in issue. Also, the evidence was not otherwise admissible.
With regard to the State's second contention, the argument, that any prejudice to defendant by the question and its response was cured by the trial court's admonition, ignores the clear language in Article 770 that "an admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial."
With respect to the State's third contention, there is no basis for application of the harmless error rule of C.Cr.P. Art. 921[3] when Article 770 has been violated. The denial of a mistrial upon motion by a defendant complaining of a remark reprobated by Article 770 is per se a substantial violation of a statutory right.
Whether, as the State contends, the evidence would have come to the attention of the jury anyway by defendant's subsequently taking the stand, is both conjectural and immaterial. Article 770 does not provide for future contingencies but calls for an immediate order of mistrial upon defendant's motion when the remark is made. Furthermore it is just as reasonable to assume that defendant would not have taken the witness stand but for the prejudicial District Attorney's remark about his criminal record, as it is to assume that defendant, regardless of the remark, would have taken the stand to explain how he got blood on his clothes.
*766 Conjecture in this regard serves no purpose whatsoever. Surely it can not seriously be urged as a basis for disregarding the clear mandate of Art. 770.
Also, there is no merit to the State's contention that defendant's argument about being forced to take the stand was not urged prior to oral argument in this Court. The defense argument in this respect was simply responsive to the State's contending the error was harmless.
Actually, this defense argument is unnecessary. Art. 770 (Prejudicial Remarks; basis of mistrial) conclusively determines that reference to another crime as to which evidence is not admissible is prejudicial.
Denial of defendant's motion for a mistrial under these circumstances constitutes reversible error.
For the above assigned reasons the conviction and sentence are reversed and the case is remanded for further proceedings.
SANDERS, C.J., concurs in the decree.
SUMMERS and MARCUS, JJ., concur.
NOTES
[1] R.S. 15:481. Proof of bad character by state

"The state is permitted to introduce testimony of the bad character of the accused only in rebuttal of the evidence introduced by him to show good character."
[2] She testified that on July 27 they had gone to Morgan City where he got a job offshore in first aid (he was a male nurse) and that they were married later that evening in Baton Rouge. They left Baton Rouge the next day on a honeymoon returning late in the evening of July 30. The next night she took him to the bus station to catch a bus to Morgan City for his job. He was to come through New Orleans with a layover in New Orleans. (The crime occurred during the dawn hours of August 1.)
[3] Art. 921. Matters not grounds for reversal

"A judgment or ruling shall not be reversed by an appellate court on any ground unless in the opinion of the court after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, is prejudicial to the substantial rights of the accused, or constitutes a substantial violation of a constitutional or statutory right." (Emphasis provided).
See also State v. Murphy, 309 So.2d 134 (La.1975); State v. Herman, 304 So.2d 322 (La.1974); State v. Michelli, 301 So.2d 577 (La.1974).