PONDER, J.
Defendant was charged by bill of information with simple burglary, a violation of La.R.S. 14:62, and found guilty by a jury of six. He was sentenced to serve twelve years with the Louisiana Department of Corrections.
The defendant alleged five assignments of error. We find merit in the third which brought to issue the assistant district attorney’s mention of defendant’s prior criminal record. We reverse and remand.
A store in Plaquemine was burglarized and several pistols and watches were taken. Fingerprints lifted off several remaining watch cases were found to be those of the defendant. On the same night, a nearby doctor’s office, where defendant had once worked, had also been burglarized and cigarettes and a lighter stolen from that office were found in the store.
Defendant argues that the trial court erred in failing to grant a mistrial when *254 defendant’s mother was asked if she was aware of defendant’s criminal record.[1]
The trial judge sustained the objection of defense counsel and admonished the jury, but refused to grant a mistrial. While he felt the question was improper, the trial judge noted that there was no reference to a specific crime and that the question was a character question, and not an assertive one.
We find that the witness was not a character witness and the defendant’s character was not in question.[2] While no specific crime was mentioned, we find that the reference to defendant’s criminal record qualified as an indirect reference to other crimes. See State v. Green, 315 So.2d 763 (La.1975).
The State argues that because the question was of an interrogatory rather than assertive nature, that a mistrial was inappropriate. We disagree.
Assertive questions are those which place before the jury the details concerning the other crime while a purely interrogatory question is one which, while probing for inadmissible evidence, does not present any facts constituting the other crime to the jury. State v. Hatch, 305 So.2d 497 (La. 1974), cert. denied 423 U.S. 842, 96 S.Ct. 76, 46 L.Ed.2d 63 (1975). In this case, the prosecutor’s question placed before the jury the fact that defendant had a criminal record. The prejudicial effect was .enforced by the witness’s answer.
The criminal record was not used to impeach credibility or to show guilty knowledge or intent. La.R.S. 15:495, 445 and 446. State v. Deville, 391 So.2d 1145 (La. 1980).
The effect of the inquiry as to prior criminal record is accentuated by the several questions the state asked about a hearing before the parole board.
In light of the record as a whole, we find that the evidence of defendant’s criminal record was inadmissible and highly prejudicial. The trial court erred in denying a mistrial under La.C.Cr.P. art. 770(2).
The conviction is reversed, the sentence is vacated and the matter is remanded for a new trial.
REVERSED AND REMANDED.

. The following questioning occurred:
"Q Do you know whether or not he was at Otasco’s?
A No, he wasn’t at Olasco's.
Q You’re sure of that, huh?
A I’m positive of that.
Q Now, you weren't a witness, were you?
A No, I wasn't.
Q Why you so positive? What makes you sure?
A I'm just sure he wasn’t there.
Q Is it because it’s appalling that lie would be charged with burglary of Otasco’s?
A Let me tell you something.
Q I just want you to answer my question. Is that the reason why you say that you’re sure?
A My belief in Carl leads me to say that he isn’t guilty. He wasn’t at Otasco’s.
Q Arc you aware of Carl having a criminal record?
A I am aware of it.”

. The only testimony given by the defendant’s mother which could relate to ihe defendant’s character was elicited by the prosecutor's questioning.