CARTER, Judge.
Defendant, Jimmy D. Johnson, was charged by bill of information with possession of a controlled dangerous substance, diazepam (valium), in violation of LSA-R.S. *868 40:969(0). Defendant pled not guilty and, after trial by jury, was convicted as charged. The defendant was originally sentenced to twelye months without hard labor. After the state filed a multiple offender bill, the defendant was resentenced to twenty months without hard labor.
Defendant now appeals urging three assignments of error:
1. The trial court erred in denying the motion for post-verdict judgment of acquittal and the motion in arrest of judgment because the evidence fails to prove that any crime was committed;
2. The trial court erred in denying the defendant’s motion for mistrial and motion for new trial based on improper remarks by the district attorney during closing argument; and,
3. The trial court erred in sentencing the defendant as a multiple offender when the underlying felony was the result of an illegal conviction.
Because we find reversible error in assignment of error number two, only this assignment will be addressed in detail.
FACTS
At approximately 5:30 p.m. on the afternoon of June 18, 1984, the defendant was arrested in the parking lot of the Out Post Lounge by East Baton Rouge Parish Sheriffs .deputies Lesley Rainey and Charles Amadee. The deputies were acting pursuant to a valid arrest warrant unrelated to the instant offense. Immediately before the defendant was arrested, he was talking to a friend in a pickup truck. When the defendant saw the sheriffs deputies approaching, he threw a white object into the cab of the pickup truck and began walking away. This action was observed by both of the deputies. When the driver of the pickup truck opened the door, he kicked the white object out of the truck. Deputy Amadee retrieved the white object, a napkin which contained nine tablets of diazep-am (valium). The defendant was subsequently arrested and charged with possession of a controlled dangerous substance in violation of LSA-R.S. 40:969(C).
ASSIGNMENT OF ERROR NUMBER TWO
The defendant argues that the trial court erred in denying his motion for mistrial and motion for new trial because of improper remarks made by the prosecutor during the state’s closing argument. The defendant was on trial for possession of a controlled dangerous substance. However, he argues that, during closing argument, the prosecutor accused him of selling drugs.
During closing argument, the prosecutor stated:
Before I proceed with my remarks, and I will be brief, I want to thank each of you for serving as jurors in this case because without good people sitting in those chairs, maybe an innocent person who did not commit a crime would be punished for something that he did not do, or maybe some fellow who deals in dope might be turned loose on the public again. ... I have proven to you by stipulation that this is dope. I have proven to you by the testimony of the police officers and Tom Cavin who drives a truck that he had it. If he didn’t know he had it, why did he throw it away? I have convinced and proven to you beyond any doubt that he knowingly possessed this. The issue is whether or not there has been any criminal intent — intention, and the magic words are, in the normal course of human experience did he intend the criminal consequences. He throws it down and attempts to run away. He throws his money down along with the dope. A hundred of them at one time? Don’t be confused by the fact that you have a prescription bottle that holds a hundred pills of medication because there’s a lot of people who deal in dope who get their dope from people who have maybe a legitimate reason to get it. Many doctors unknowingly prescribe Valium to people who in turn take it and give it to their boyfriends to sell and it *869 cost (sic) more than forty cents a pill on the street.
Mr. Booth: Your Honor, I’m going to have to object and ask for a mistrial.
Defense counsel’s objection and argument to the trial court was as follows:
THE COURT: State your objection, Mr. Booth.
MR. BOOTH: Your Honor, the charge here is simple possession of C.D.S. Mr. Weber is making argument to the jury that he was out there selling stuff, which is a different and separate crime from which he’s charged with. It’s designed only to prejudice the jury against Mr. Johnson. He’s arguing outside the bounds of the evidence that was introduced or any testimony from the witness stand, and I believe that the several references to selling of dope with Mr. Johnson is highly prejudicial and it cannot be cured by an instruction to the jury, therefore, we ask for a mistrial.
After listening to the prosecutor’s position, the trial court concluded that the remarks were prejudicial and that he would admonish the jury. The defendant objected to the trial court’s refusal to grant a mistrial.
The trial court admonished the jury in the following manner:
Ladies and gentlemen, before Mr. Weber resumes, I am going to advise you or admonish you to disregard any statement or implication that Mr. Weber may have made which referred to distribution or anything involved in the circumstances of this cases (sic) other than what you have seen in evidence, and that is the state has presented evidence of possession only. Proceed.
Louisiana Code of Criminal Procedure article 770 provides, in pertinent part:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
[[Image here]]
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * * * # ⅜
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
Normally, an admonition by the trial court is sufficient to dispel the possibility of prejudice against the defendant arising from an improper remark made during the trial. LSA-C.Cr.P. art. 771. However, some situations are so prejudicial that a mistrial is mandated. LSA-C.Cr.P. art. 770. A prosecutor’s reference to another crime allegedly committed by the defendant is one of the situations which requires a mandatory mistrial. LSA-C.Cr.P. art. 770(2).
In the instant case, the defendant was charged with possession of a controlled dangerous substance. However, during closing argument, the prosecutor presented a scenario to the jury which depicted the defendant as being involved in a drug selling scheme. In this scenario, defendant’s girlfriend obtained the drugs pursuant to a valid prescription. She then gave the drugs to her boyfriend, the defendant, so that he could sell them on the street.
At the hearing on the defendant’s motion for post-verdict judgment of acquittal, the trial court stated: “[I]n applying the test of Article 821,1 have to indeed strain in order to be able to state that the state has met its burden.” From this comment by the trial court, and from our review of the record, it is apparent that this was a very close case. In view of this fact, the possibility that the jury may have been unduly prejudiced by the prosecutor’s improper remarks during closing argument takes on an added importance. We find that the trial court erred in denying the defendant’s motion for a mis *870 trial. LSA-C.Cr.P. art. 770(2). For the same reason, we find that the trial court erred in denying the defendant’s motion for a new trial. LSA-C.Cr.P. art. 851(2).
ASSIGNMENTS OF ERROR NUMBERS ONE AND THREE
In his first assignment of error, the defendant argues that the evidence was insufficient to uphold the conviction. In his third assignment of error, the defendant argued that since his conviction was invalid, the enhancement of his sentence as a multiple offender should also be reversed. Finding reversible error on other grounds, it is unnecessary to address these assignments of error.
Therefore, for the above and foregoing reasons, the conviction and sentence of the defendant are reversed, and the case is remanded to the trial court for proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.