527 So.2d 411 (1988)
STATE of Louisiana
v.
Vincent ANDREWS.
No. KA-8123.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1988.
*412 Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Harry F. Connick, Dist. Atty., R. Jeffrey Bridger, Asst. Dist. Atty., New Orleans, for plaintiff.
Before WARD, WILLIAMS and ARMSTRONG, JJ.
WARD, Judge.
Vincent Andrews appeals his conviction of aggravated battery. We reverse because the Trial Court erred in denying Andrews's motion for a mistrial which was based upon improper closing argument by the assistant district attorney.
The victim of the crime, Connie Smith, is the wife of New Orleans Police Officer Tyronne Smith. She was attacked and beaten with a broken bottle by a man whom she and other witnesses identified as Vincent Andrews. Mrs. Smith testified that Andrews, who she did not know and had never seen before, grabbed her as she was getting into her car in front of a grocery store and that, before hitting her, he said, "Bitch, you Tyronne Smith's wife." Mrs. Smith received facial cuts requiring 34 stitches. Two police officers who happened to see the attack chased Andrews and during the trial identified him as the person who attacked Mrs. Smith. Officer Tyronne Smith, the victim's husband, testified on direct examination that he knew and "had seen" Vincent Andrews before the day his wife was attacked, but the prosecutor did not ask Officer Smith to elaborate upon the circumstances of his familiarity with Andrews.
During closing argument, the prosecutor said,
... Mr. Meyer says there's no motive here. Well, number one, ladies and gentlemen, we're not compelled to prove motive. Nowhere does the law say that a motive must be proven because there's a lot of senseless crimes that would go unsolved if there had to be a motive.
One thing that bothers me, and I'm going to tell you out front, he says why didn't we prove this business with Tyronne Smith? Why didn't we show something else? Well, ladies and gentlemen, there are certain things that the State cannot do when they're trying the case. The law says that if you do that in front of a jury, it will be a mistrial and you'll have to try this case again.
I can make suggestions just like he did about the motive. I'd be guessing just as well. I could say that, number one, Tyronne Smith is a police officer. He arrests people. That's what he does for a living.
Defense counsel objected on the grounds that the prosecutor was suggesting that Officer Smith had arrested Vincent Andrews when no evidence of that fact had been presented. Counsel were called to the bench and conferred with the Judge off the record. The prosecutor then continued his argument:
Ladies and gentlemen, Tyronne Smith is a police officer. He arrests people. I think that all of you all, the seven of you all know that probably out of all the people that he's arrested in his career probably some of them are real angry about it.
*413 Defense counsel again objected and moved for a mistrial. The motion was denied, and no admonition to the jury was requested or given. The assistant district attorney continued his argument:
Ladies and gentlemen, as I was trying to tell you, police officers arrest people. There are people who they arrest who are very angry with them. Perhaps the person they arrested didn't do the crime for which they were arrested for. Perhaps the person that's arrested is a career criminal and who just doesn't want to be back in jail.
Defense counsel again objected.
Andrews now argues that the denial of his motion for a mistrial was reversible error because a mistrial was mandated by La.C.Cr.P. art. 770(2) based upon the assistant district attorney's reference to "another crime committed or alleged to have been committed by the defendant." The State contends that its closing argument was permissible to rebut the defense's argument which had commented upon the State's failure to prove a motive for the crime, and, even if outside the scope of closing argument, it was permissible under State v. Morris, 404 So.2d 1186, 1191 (La. 1981), to refute defense argument which was of "like character," that is, outside the scope of the evidence.
During his closing argument defense counsel stated:
The best Tyronne Smith can tell you is, "I saw him once before." Saw him. That does not say that Vincent Andrews saw him, but he saw this man once before. Doesn't tell us that he did anything to Vincent Andrews.
The prosecutor objected to the argument as outside the scope of the evidence. The Trial Judge did not rule on the objection, and defense counsel continued:
If we're going to have revenge, I mean we assume to revenge something Tyronne Smith did to this defendant. Say he arrested him and he gets convicted and went up for 20 years. That's enough to irritate somebody. You didn't hear that. Say, at one time Tyronne Smith one time beat him up and he wanted to get back. That's reason for revenge I suppose. We didn't hear that. We heard nothing, you heard nothing that would indicate to you why Vincent Andrews would have any reason in the world to avenge himself against Tyronne Smith. Nothing. And clearly the person who did this did have a reason, at least in his own mind I suppose he did. There's no connection....
In spite of the State's claim, a review of the transcript shows that the defense argument was not outside the scope of closing argument permitted by C.Cr.P. art. 774:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. (Emphasis added.)
Clearly, defense counsel's argument was proper reference to the lack of evidence as to Andrews's motive for the crime. Since the defense argument was not outside the evidence, we reject the State's contention that its argument was proper rebuttal, and we hold it was error to permit the assistant district attorney to imply that Andrews had a motive when the State had not introduced any evidence of his prior contact with the police or with Officer Tyronne Smith.
The assistant district attorney's comment to the jury that "there are certain things that the State cannot do ..." indicates that he believed that he could not present evidence of Andrews's prior contact with the police to show that he had a motive for attacking Officer Smith's wife. Apparently, the assistant district attorney assumed that such evidence would be inadmissible evidence of other, unrelated crimes, and this assumption is reiterated in the State's brief to this Court. It is, however, not supported by the law.
Evidence that Officer Tyronne Smith previously had arrested or was otherwise familiar with Vincent Andrews in connection with other crimes would have been admissible to show motive. State v. Lafleur, 398 So.2d 1074 (La.1981). But, because the prosecutor had failed to elicit *414 testimony from Officer Smith regarding his prior contact with Andrews, the prosecutor cannot furnish the motive unsupported by the evidence in his closing argument to the jury.
Furthermore, the prosecutor's argument was also improper because it strongly implied that the State had "something else" on Andrews which could not be presented to the jury. From the prosecutor's statement the jury could only infer that something had occurred between Officer Tyronne Smith and Vincent Andrews, driving Andrews to seek revenge. While what had occurred, if anything, was admissible, it may have been much less heinous than what a juror could infer from the prosecutor's remarks. Therefore, those remarks unlawfully prejudiced Andrews by leaving the jurors to speculate upon other crimes or deplorable misdeeds Andrews might have committed.
Finally, the State's closing argument violated Article 770(2) which expressly prohibits the State from referring to other unrelated crimes as to which evidence is not admissible. Of course, when evidence of other crimes is admissible for any purpose, the State may argue that evidence to the jury, but Article 770(2) prohibits the State from suggesting that the defendant has committed other unrelated crimes as to which evidence, although admissible, has not been presented. In other words, the exception implied in Article 770(2), permitting reference to other crimes when the evidence is admissible, presupposes that the evidence has been presented by the State. But, as in this case, when the State has not presented the evidence, the exception is inapplicable, and Article 770(2) requires a mistrial upon motion of the defense.
The State contends that even if the denial of a mistrial during closing argument was error, it was harmless error because the jury would have returned a guilty verdict even if the prejudicial closing argument had not been made. The weight of the evidence against Andrewsunrebutted testimony of the victim and two other eyewitnessesis overwhelming. The State's contention that the error was harmless focuses upon C.Cr.P. art. 774, which sets forth the scope of closing argument, and cases which have held that comments which exceed the permissible scope of argument are reversible error only if they actually influence the jury and contribute to the guilty verdict. The error might well be harmless if the only objection to the closing argument was that it violated Article 774 by exceeding the evidence presented. However, that is not the situation here, and the cases cited by the State do not apply when there has been a violation of C.Cr.P. art. 770(2) and denial of a motion for a mandatory mistrial. The denial of a mistrial upon motion by a defendant complaining of a remark reprobated by Article 770 is per se a substantial violation of the defendant's rights. State v. Green, 315 So.2d 763 (La.1975). We are not free to speculate what the jury might have found had the defendant's rights not been violated. Article 770 required the Trial Court to grant a mistrial and we must, in effect, now grant the mistrial by reversing Andrews's conviction and remanding his case for a new trial.
REVERSED & REMANDED.