552 So.2d 1274 (1989)
STATE of Louisiana
v.
Jose VANDERLINDER.
No. 89-KA-367.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1989.
Dorothy A. Pendergast, Asst. Dist. Atty., Gretna, for plaintiff/appellee.
Kevin V. Boshea, New Orleans, for defendant/appellant.
KLIEBERT, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
On January 4, 1988 the defendant, Jose Vanderlinder, and a co-defendant, Juan Medina, were charged with possession of cocaine in an amount over 400 grams in violation of LSA-R.S. 40:967. Vanderlinder, the defendant herein, was found guilty as charged after a jury trial conducted on *1275 July 12-14, 1988. He was sentenced on September 30, 1988 to serve twenty-five years at hard labor. Defendant brings this appeal from that conviction and sentence. We reverse.
At about 8:00 p.m. on December 27, 1987, Detectives Davis and Simone of the Jefferson Parish Sheriff's office, narcotics division, went to the New Orleans International airport to meet with a Delta Airlines employee who had telephoned Detective Davis. Acting on information obtained from the Delta employee, the detectives retrieved a certain piece of luggage which arrived on Delta flight 535 at 10:00 p.m. The piece of luggage in question, a black suitcase with a tag giving the owner's name as Jose Ramirez and a Florida address, had been mishandled in Miami and sent first to Atlanta by Delta employees.
At Detective Davis' request, Agent Pat McCumber, who is assigned to the Sheriff's office and handles drug detector dogs, arrived at the airport to conduct a "luggage line-up." As the officers brought the suitcase into the baggage room to set up the line-up, Detective Davis noticed the defendant step out of the line formed in front of the baggage claim office and look at the suitcase and the officers. The defendant repeated the action a second time but this time he turned and began walking hastily toward the exit. As he walked away the defendant motioned to Juan Medina who was in the opposite end of the baggage claim area. The men met and retreated together rapidly to the door.
Officers Davis and Simone caught up to the defendants and asked for identification. Vanderlinder produced a resident alien card. In response to Officer Simone's request for additional identification, Vanderlinder produced some papers from his hip pocket. Simone testified that he noticed one of the papers was part of a match box cover with the name "Jose Ramirez" and "no. 168, 2:25 P.M. to New Orleans" written on it.
At this point the officers asked the men to accompany them to the baggage claim area. When asked, both men denied any knowledge of the suitcase. The "luggage line-up" was set up and the dog indicated the black suitcase contained contraband by scratching on it.
Vanderlinder and Medina were searched. Simone found a key and a Delta Airlines lost baggage claim receipt with the name Jose Ramirez on it in Vanderlinder's pocket. The key fit the black suitcase which was opened by Davis to reveal two packets, each containing a white powdery substance later identified as cocaine. One packet weighed 998.5 grams and was 97% cocaine; the other weighed 877 grams and was 90% cocaine. Vanderlinder was taken into custody and this prosecution ensued.
At trial the defendant testified that he had flown into New Orleans from Miami on the morning of December 27th to determine if he wanted to relocate. After spending the day in downtown New Orleans he returned to the airport to purchase a ticket back to Miami. Since there were no available flights, he was at the baggage claim exit to hail a taxi when he engaged in a conversation with another Hispanic. The man told the defendant he was waiting for friends and asked the defendant to collect the black suitcase. The man wrote the name and flight number on a match book and handed it to the defendant. When the suitcase did not come in on the flight from Miami, the man gave the defendant a piece of paper with the key inside and asked him to stand in line to make a claim for the lost luggage. The defendant testified further that he assumed he would not be allowed to retrieve the suitcase since his identification did not match the name on the suitcase. He got out of line and was walking to the exit when stopped by police.
By his third assignment of error the defendant argues the trial court erred in denying his motion for mistrial. During closing argument the prosecutor stated:
And you saw him on the stand and you are the judges of his credibility. You know when you look at a person whether he is telling the truth or not. He says *1276 that he's got thirty-six years of good character. He's an outstanding citizen. Moral, this, that and the other. Well, let's just say that this is the first time he ever got caught and not the first time he ever did anything that was illegal.
The defendant objected and, out of the presence of the jury, requested a mistrial based on an improper reference to other criminal activity. The defense argued that, by his statement, the prosecutor alluded to the fact that it was not the first time this defendant was involved in illegal drug transactions, thus tainting the jury. The state maintains the argument was a permissible rebuttal to the defense portrayal of the defendant as a law-abiding citizen of good character. The defense motion for mistrial was denied by the trial court and the prosecutor continued his argument. On appeal the defendant argues the denial of his motion constitutes reversible error. We agree.
While the state is permitted to rebut the defendant's argument, that rebuttal must be confined to evidence admitted. La.C. Cr.P. art. 774. A prosecutor may not refer, directly or indirectly to a "crime committed or alleged to have been committed by the defendant as to which evidence is not admissible." La.C.Cr.P. art. 770(2). The exception implied in that article presupposes that the evidence of other crimes has been presented by the state. State v. Andrews, 527 So.2d 411 (La.App. 4th Cir.1988), writ denied 532 So.2d 176 (La.1988). But here no evidence to link the defendant to prior criminal activity was presented. Certainly such evidence may have been admissible at trial during the state's cross examination of the defendant to refute his credibility. However, article 770(2) prohibits the state from suggesting to the jury that the defendant has committed other crimes as to which evidence, although admissible, was not presented at trial. State v. Andrews, supra.
The state argues that, even assuming the remark was impermissible, it was not so prejudicial as to warrant reversal. This argument fails to take into account the mandatory nature of article 770(2). That article provides that, "Upon motion of a defendant, a mistrial shall be ordered...." The denial of a motion for mistrial based on a prosecutor's reference which falls within the scope of article 770(2), is a "per se violation of a statutory right." State v. Nuccio, 454 So.2d 93 (La. 1984). See also State v. Johnson, 541 So.2d 818 (La.1989).
To be within the scope of article 770(2) the remark complained of must be an unambiguous reference to crimes alleged to have been committed by the defendant. State v. Robertson, 421 So.2d 843 (La. 1982). However, the comments need not state that the defendant had a prior conviction. See State v. Andrews, supra.
In State v. Johnson, 484 So.2d 867 (La. App. 1st Cir.1986) the defendant was charged with possession of a controlled substance. The prosecutor's argument included the following statement:
... Don't be confused by the fact that you have a prescription bottle that holds a hundred pills of medication because there's a lot of people who deal in dope who get their dope from people who have maybe a legitimate reason to get it. Many doctors unknowingly prescribe Valium to people who in turn take it and give it to their boyfriends to sell and it cost (sic) more than forty cents a pill on the street.
484 So.2d at 868-9.
The statement was found to be an impermissible suggestion that the defendant had also engaged in the illegal sale as well as the illegal possession of narcotics.
We believe the prosecutor's remarks in the case at bar suggest to the jury that the defendant had engaged in illegal drug transactions before and had gone undetected. This is an argument which is within the scope of article 770(2). We are, therefore, obliged by that article to reverse the trial court's denial of the defense motion for mistrial.
*1277 The defendant assigns four other assignments of error. Finding reversible error in the assignment addressed above, we deem it unnecessary to review the remaining assignments.
Thus, for the above reasons, the conviction and sentence of the defendant are reversed and the case is remanded for a new trial.
REVERSED AND REMANDED.