|1ARMSTRONG, Judge.
The defendant, Bryan Shaw, and Bruce D. Calway were charged by bill of information with possession of cocaine. Calway pled guilty as charged. The defendant chose to be tried by a jury which found him guilty of the lesser charge of attempted possession of cocaine. The trial court sentenced the defendant to serve two and one-half years at hard labor. The defendant admitted to the allegations in the multiple bill of information and was resenteneed to serve fifty-eight months at hard labor under the bill. The defendant now appeals raising two assignments of error.
The record reflects that officers Len Major and Kenneth Taylor were on routine patrol in a marked vehicle near the intersection of France and Galvez Streets when they observed what appeared to be “a narcotic transaction by way of a handshake.” When one of the subjects observed the police vehicle, they broke hand contact and ran in different directions. Subject Bruce Calway walked riverbound down France. The defendant placed an object down the back of his waistband, then walked up Galvez past the police vehicle. Officer Taylor stopped Cal-way, and Officer Major stopped the defendant. The subjects were then escorted back to the police unit by the respective officers.
The officers proceeded to lean the subjects against the police unit to pat them down for weapons. Officer Taylor searched Calway first. He found a glass pipe and ten dollars. Calway was then placed in the rear of the police vehicle unhandcuffed. Officer Major then attempted to pat-down the defendant. At that point, the defendant turned his body, slipped |2his hand behind him, removed the object and discarded it into the vehicle. Officer Major then cuffed the defendant and Officer Taylor guarded him, so that Officer Major could search for the discarded object. Officer Major was handcuffing Calway and removing Calway so that he could search the backseat of the vehicle, when he saw the discarded object in Calway’s left hand, over the area where Calway’s left leg covered the seat. The object was a wad of newspaper with six small ziploc packets of cocaine inside. The officers also retrieved eighty-eight dollars in currency from the defendant’s pocket in the subsequent search of his person.
A review of the record reveals that there are no patent errors.
By his first assignment of error, the defendant argues that the trial court erred in denying a motion for mistrial when the prosecutor in opening statement announced that the defendant had an outstanding warrant for his arrest on municipal charges. La. C.Cr.P. art. 770(2) provides:
Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to: ...
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible; ...
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial ...
The remark complained of by the defendant occurred when prosecuting attorney Butch Wilson, in opening statement, related the events of the defendant’s arrest, as follows:
MR. WILSON:
Then Mr. Shaw is brought back to the police car for the purposes of the officer’s safety. They ask him to put his hands on the vehicle, and they run his name through the police motion computer. At that time the officers find that Mr. Shaw has an outstanding municipal warrant for his arrest.
MR. MEYER (Defense Counsel):
Excuse me. I object at this time. I would ask that the jury be excused.
MR. WILSON:
*1281 Judge, the State is merely trying to show—
THE COURT:
Wait. Come on up for a second.
(BENCH CONFERENCE)
|3MR. MEYER:
At this time I would move for a mistrial in the matter.
The court denied the motion for mistrial but, at the request of defense counsel, did give an admonition. The court admonished the jury that only the testimony of the witnesses as to the events of the date of the alleged offense was to be considered as evidence of the defendant’s guilt.
Denial of a mistrial upon motion of the defendant complaining of a remark referring to another crime committed by the defendant as to which evidence is not admissible is per se a substantial violation of a statutory right, precluding application of the harmless error rule. State v. Green, 315 So.2d 763 (La.1975); State v. Morgan, 513 So.2d 361 (La.App. 4th Cir.1987), writ den., 514 So.2d 1179 (La.1987).
This court has lately given a very narrow application to the holding in Green. In State v. Kelvin Green, 590 So.2d 825 (La.App. 4th Cir.1991), the court held that the prosecutor’s reference to a statement that the defendant was “messing around with drugs” did not warrant reversal as a reference to another crime committed by the defendant; any possible error was harmless, since the jury probably inferred that the reference was either directed at the instant offense or the defendant’s own prior admission to a marijuana conviction. The court thus did not find a per se violation of the statute.
In State v. Harris, 573 So.2d 1195 (La.App. 4th Cir.1991), the court held that, even if the reference in the State’s opening statement to the officer’s approaching the defendant because he thought the defendant was still wanted under a warrant was an improper reference to another crime, the error was harmless, considering that the defendant himself acknowledged at trial that he was convicted of at least two felonies. Appellate counsel distinguishes this case from the instant case, in that this officer did not stop the defendant because of the outstanding warrant, making the reference to the discovery of the warrant completely gratuitous.
In State v. Roberson, 454 So.2d 343 (La.App. 4th Cir.1984), writ den., 458 So.2d 126 (La.1984), the defendant was charged with possession of phencyclidine with the intent to distribute. He was convicted of simple possession of phencyclidine. The court there held |4that the prosecutor’s reference in opening argument to the manufacture of phencyclidine in the defendant’s home was not improper because it set forth the basis of the search warrant. However, even if the reference was improper as a reference to another crime, it did not prevent a fair trial or significantly contribute to the defendant’s conviction, since the trial judge’s admonition to the jury removed any resultant prejudice.
Appellate counsel argues that the case should be considered in light of the recent Louisiana Supreme Court opinion in State v. Hearold, 603 So.2d 731 (La.1992). That case dealt with a hearsay statement involving a direct assertion of criminal activity by the defendant. The court there cited State v. Wille, 559 So.2d 1321 (La.1990), which held that the fact that an officer acted on information obtained from an informant may be relevant to explain his conduct, but may not be used to bring before the jury the substance of the out-of-court information which would otherwise be barred by the hearsay rule. In Hearold the inadmissible statement was the informant’s tip that the defendant was involved in dealing drugs, and referred to the criminal activity which was the subject of his trial. The content of the tip was thus clearly inadmissible. In the instant case, however, the remark refers to a municipal warrant, not any spedfie criminal activity.
Considering the above jurisprudence, we find the casual reference to a municipal warrant in the prosecutor’s opening statement is not a violation of Article 770(2) which would require a reversal. The remark certainly was not of such magnitude that it affected the verdict.
By his second assignment of error, the defendant argues that the trial court erred in *1282 imposing a sentence excessive under the Louisiana Sentencing Guidelines. Written and oral motions were made following the original sentencing. The motion for reconsideration of the sentence was re-urged following the multiple bill sentencing.
An appellate court’s role in reviewing a given sentence vis-a-vis the sentencing guidelines is limited to determining whether the trial court (1) considered the guidelines; (2) stated those considerations for the record; and (3) stated the factual basis for the sentence for the record. State v. Smith, 639 So.2d 237 (La.1994); State v. Landry, 643 So.2d 175 (La.App. 4th Cir.1994). Once the appellate court makes an affirmative finding |5as to the above factors, it is limited to review of the sentence imposed for constitutional excessiveness, without regard to the sentencing guidelines or the sentences recommended therein. State v. Landry, supra.
In the instant case, the record does not reflect that the trial court either considered the guidelines or stated those considerations for the record. Therefore, we vacate the sentence imposed and remand this case to the trial court for resentencing.
For the foregoing reasons, we affirm defendant’s conviction, vacate the sentence imposed, and remand this case for resentencing in light of State v. Smith, supra, and State v. Landry, supra.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.