# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 12-1097

STATE OF LOUISIANA

VERSUS

RANDALL C. THOMPSON

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 18414-08
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN E. CONERY
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, James T. Genovese, and John E. Conery, Judges.

**AFFIRMED.**

**Andre Belanger
James P. Manasseh
Manasseh, Gill, Knipe & Belanger, P.L.C.
8075 Jefferson Highway
Baton Rouge, Louisiana 70809
(225) 383-9703
COUNSEL FOR DEFENDANT/APPELLANT,**
   **Randall C. Thompson**

**John Foster DeRosier**
**14th Judicial District Court**
**District Attorney**
**Karen C. McLellan**
**14th Judicial District Court**
**Assistant District Attorney**
**Carla S. Sigler**
**14th Judicial District Court**
**Assistant District Attorney**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
       **State of Louisiana**

**CONERY, Judge.**

On September 13, 2011, Defendant, Randall C. Thompson, was convicted of aggravated incest, a violation of La.R.S. 14:78.1, for touching his daughter's vaginal area. He was sentenced on October 28, 2011, to serve thirty-five years at hard labor without benefit of probation, parole, or suspension of sentence. He filed a motion to reconsider sentence on November 23, 2011, which was denied on December 9, 2011. Defendant has timely appealed his conviction only, alleging the following assignments of error:

1.   The trial court erred when it instructed the jury that jurisdiction was not an issue for consideration despite two requests from the jury asking to consider the issue.

2.   The trial court erred when it failed to grant the defendant's request for a mistrial after the State presented "other crimes" evidence in violation of the court's order.

3.   The trial court erred in depriving the defendant of a unanimous jury. In this case, [Randall C. Thompson] would not have been convicted in 48 other states.

4.   The case proceeded to trial in violation of the speedy trial act which proscribed a time limitation of 2 years to commence with trial once the prosecution is instituted.

For the following reasons, we affirm his conviction.[1]

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

---

[1] Defendant has not appealed his sentence for this conviction.

DISCUSSION

*Jury Instruction on Jurisdiction*

In his first assignment of error, Defendant contends "the trial court erred when it instructed the jury that jurisdiction was not an issue for consideration despite two requests from the jury asking to consider the issue."

Defendant was convicted of touching his daughter's vaginal area while she was visiting with him between the dates May 22, 2006 – February 29, 2008. Defendant claims that he was living in Texas on the dates alleged, hence any crime would have occurred in Texas. Thus, he argues, Louisiana has no jurisdiction to try the offense. Defendant failed to file a Motion to Quash to challenge jurisdiction before the trial.

During deliberations, the jury sent two notes to the Judge, the first asking, "Is location an issue?" And the second asking, "Texas/Louisiana?" To both, the Judge responded, "Location is not an issue for the jury." In response to this question and discussion with counsel on the record, the trial court stated:

> At this time the Court would reference Article 615 Code of Criminal Procedure which states, "Improper venue shall be by Judge alone. Venue shall not be considered an essential element to be proven by the State at trial; rather it shall be a jurisdictional matter to be proven by the State by a preponderance of the evidence and decided by the Court in advance of trial."

> In conjunction with that, it's the Court's position to respond accordingly that, "Location is not an issue for the jury."

> All defense objections were properly preserved for review. A motion for mistrial and motion for judgment of acquittal were denied by the trial court.

We find that the trial court properly relied on La.Code Crim.P. art. 532, which states, in pertinent part: "A motion to quash may be based on one of more of

the following grounds. . . . (8) The court has no jurisdiction of the offense charged."

In *State v. Clark*, 02-1463 (La. 6/27/03), 851 So.2d 1055, *cert. denied*, 540 U.S. 1190, 124 S. Ct. 1433 (2004), the defendant argued that all the elements of the first degree murder of the victim occurred in Richland Parish, not West Carroll Parish, where he was convicted. Thus, he argued West Carroll Parish was an improper venue because the grand jury had no jurisdiction over him, and the resulting conviction was invalid. The supreme court disagreed, noting that the defendant did not file a pre-trial motion to quash the indictment based on jurisdiction. *See also State v. Westmoreland*, 2010-1408 (La. App. 3 Cir. 5/4/11), 63 So. 3d 373, *writ denied*, 2011-1660 (La. 1/20/12), 78 So.3d 140.

In *State v. Pugh*, 44,251, p. 6-7 (La.App. 2 Cir. 5/27/09), 12 So.3d 1085, 1088-89 (footnote omitted), the second circuit discussed jurisdiction as follows:

> Interstate territorial jurisdiction is arguably a more difficult issue than intrastate venue . . . . A judge alone must decide the issue of territorial jurisdiction, but only if that issue is brought before the court before trial, as mandated by the Code.
>
> . . . .
>
> A defendant who did not file a motion to quash raising venue as an issue could not successfully assert on appeal that the trial court lacked jurisdiction due to failure to prove venue. *State v. Matthews*, 93-0275 (La.App. 1st Cir.1993), 632 So.2d 294.

In *State v. Rideout*, 42,689 (La.App. 2 Cir. 10/31/07), 968 So.2d 1210, *writ denied*, 08-2745 (La. 9/25/09), 18 So.3d 87, the defendant was convicted of aggravated rape and molestation of a juvenile. On appeal, he argued the evidence was insufficient to prove the victim was under the age of thirteen when the sexual acts occurred in Caddo Parish, and the trial court should have instructed the jury to focus on the Caddo Parish incidents in determining not only when, but where the

offenses occurred. The second circuit observed that the defendant's assertions raised the issue of venue and found that neither of the offenses at issue, aggravated rape and molestation of a juvenile, had an offense element concerning the place of the crime. The second circuit then cited La.Code Crim.P. art. 615 and stated the following:

> Under this article, if the defendant feels that he is being charged for an offense that occurred in another parish, or that the State cannot prove the venue of the alleged crime, he must raise the issue before trial by a motion to quash, and it must be decided by the court before trial. *State v. Clark*, 02-1463 (La.6/27/03), 851 So.2d 1055; *State v. Gatch*, 27,701 (La.App.2d Cir.2/28/96), 669 So.2d 676, *writ denied*, 96-0810 (La.9/20/96), 679 So.2d 429. The reduced burden of proof listed in Article 615 demonstrates that the venue of the crime is not an element of the crime. Accordingly, defendant's failure to file a motion to quash waives any issue of venue.
>
> One other aspect of defendant's argument, which also misses the import of Article 615, is his claim that the state's presentation of evidence of defendant's additional sexual misconduct in Bossier Parish required a special venue instruction for the jury. The state raised in its pre-trial motion the defendant's Bossier Parish sexual misconduct as allowable other crimes evidence. Again, if that same evidence of defendant's Bossier Parish actions with the victim represented the only evidence of aggravated rape, making prosecution in Caddo Parish improper, the defendant was obliged to raise venue through the pre-trial motion to quash. No special jury instruction was therefore required because the substance of defendant's arguments relate to venue.

*Id.* at 1212-13.

Neither venue nor jurisdiction are elements of the offense charged here. *See* La.Code Crim.P. art 615; *Pugh*, 12 So.3d 1085. Thus, the trial court's answers to both of the jury's questions as to jurisdiction and venue were correct, and, because Defendant failed to file a motion to quash, he did not preserve the issue of jurisdiction and venue for review on appeal. *See Rideout*, 968 So.2d 1210.

This assignment of error lacks merit.

4

*Evidence of Other Crimes*

In his second assignment of error, Defendant contends that the trial court erred when it failed to grant his request for a mistrial after the State presented other crimes evidence in violation of the trial court's order. Louisiana Code of Evidence Article 404 specifically provides, in pertinent part:

> **B. Other crimes, wrongs, or acts.** (1) Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, of the nature of any such evidence it intends to introduce at trial for such purposes, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.

Defendant complains that the State improperly introduced evidence of the violent relationship between Defendant and his ex-wife, Amanda, the child's mother. No pre-trial notice of intent to use evidence of violence in the marriage was given by the State, nor was a pre-trial hearing on this issue conducted by the trial court.

During direct examination, the State asked Amanda about the "nature" of her divorce from Defendant. Amanda responded: "Physical abuse, violence." The State then asked her if she had filed for protective orders in the Fourteenth Judicial District Court.[2] Amanda testified that she had. Defense counsel then objected, stating he had not received notice of the State's intent to use other crimes evidence. The State responded that the information was not other crimes evidence, but rather was part of a civil proceeding. The State further argued that defense counsel broached the subject when he asserted Amanda was "the instigator, that she is the

---

[2] The protective orders were not entered into evidence in this case.

5

gatekeeper and she is causing the child to say all of this because of an ugly divorce." Defense counsel argued that his remarks, which he made during his opening statement, did not open the door to other crimes evidence. The trial court sustained Defendant's objection at that time, stating:

> [Y]ou're not to go into the grounds or the basis of the divorce, but will reserve your right to keep her on call for rebuttal purposes. . . . I don't think it's appropriate at this stage of the game to bring that forward.
>
> . . . .
>
> If ultimately they obtained a divorce on other grounds, and if that was actually removed from consideration and they had reconciled, then I don't see that that has any relevance or any probative value other than prejudicial value unless, of course, it becomes apparent under rebuttal that it may have probative value. But, we'll defer until the Defense, if they wish to put on any evidence, do so, and go from there. But, with regard to where we are at this point as far as admonishing the jury that their personal matters of their divorce is not something that needs to be considered at this time.

Later, during the State's cross-examination of Defendant, the following exchange occurred:

> Q    Mr. Thompson, you and Amanda Thompson had a rocky relationship; did you not?
>
> A    Yes, ma'am.
>
> Q    Do you recall Protective Orders being issued against you from harassing or bothering her or the minor children, and that was most particularly in 2003 and 2004? Do you remember that?
>
> A    No, ma'am.
>
> . . . .
>
> Q    Do you remember pulling a gun and putting it to Amanda's head?
>
> A    No, ma'am.
>
> Q    Do you remember knocking her down when she was pregnant, and then she filed for divorce against you?

Defense counsel again objected. The trial court found there was no violation of La.Code Evid. art. 404(B), as the testimony sought was for the purpose of impeachment on cross-examination. However, the trial court found the testimony fell under La.Code Evid. art. 403, as it was more prejudicial than probative.[3] Defendant counsel stated he would not be satisfied with an admonition of the jury and moved for a mistrial on the basis that improper La.Code Evid. art. 404(B) other crimes evidence had been admitted. The trial court responded as follows:

> It has been noted since the outset of the trial that Defense counsel has indicated that this divorce was acrimonious, that this has gone throughout the course of the cross-examination and direct examination that's been put forth by the Defense. In conjunction with that, and also they are [sic] have put exhibits, both sides, with regard to the domestic proceeding up to this point. I see that going into the domestic proceedings is an absolute necessity on both the State – actually on the Defense part, and then in cross or in response by the State. And so, they would be entitled to do so.

> But, I am going to admonish the jury that any references that were made to specific instances are only within the confines of allegations of a domestic proceeding, that they have nothing to do with the charges that have been brought here, and they cannot be considered by the jury to the defendant's detriment. That may be a better way to phrase that.

> . . . .

> I don't have a problem with you going into the divorce as that it's not being that they both alleged incidents against one another. I mean it could be done in very generic terms rather than what I would consider more prejudicial than probative, and that's where I'm trying to draw the line.

The trial court then denied the motion for mistrial and asked the State "to be much more generic" in its attempts to address any issues regarding the divorce issue even though the defense had opened the door on direct.

---

[3] Louisiana Code of Evidence 403 provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time."

Defendant asserts on appeal that mistrial was mandatory pursuant to La.Code Crim.P. art. 770, as the State referenced inadmissible other crimes evidence. He argues that the State deliberately attempted to elicit testimony ruled too prejudicial for admission into evidence, and the prejudice was so great as to require a mistrial. In response, the State asserts the grounds for mistrial set forth in La.Code Crim.P. art. 770 are inapplicable to the case at bar, and the trial court did not abuse its discretion when denying the request for a mistrial.

Defendant does not challenge the trial court's ruling that the testimony at issue was used for impeachment purposes, but nonetheless claims a mistrial was required. In support of his argument, Defendant cites *State v. Green*, 315 So.2d 763 (La.1975). In *Green*, 315 So.2d 763, the Louisiana Supreme Court found error in the prosecution's reference to other crimes evidence and specifically held that the harmless error rule did not apply to a violation of La.Code Crim.P. art. 770.

However, we note that in the more recent case of *State v. Johnson*, 94-1379, (La. 11/27/95), 664 So.2d 94, the Louisiana Supreme Court found that notwithstanding the mandatory language of La.Code Crim.P. art. 770, an improper reference to other crimes evidence was subject to the harmless error rule on appellate review. In a more recent case, *State v. Scott*, 09-1658, p. 12 (La. 10/22/10), 48 So.3d 1080, 1087, the Louisiana Supreme Court held: "Even assuming that the prosecutor placed inadmissible other crimes evidence before jurors regarding the prior firearm possession, and that the court's admonition was not thus sufficient to cure the error, violations of La.C.Cr.P. art. 770(2) remain subject to harmless-error analysis."

In *State v. Galliano*, 05-962, pp. 31-32 (La.App. 5 Cir. 8/29/06), 945 So.2d 701, 722, *writ denied*, 06-2367 (La. 4/27/07), 955 So.2d 682 (footnotes omitted), the court found:

> The State is allowed to introduce evidence of the defendant's bad character only for the purpose of rebutting evidence of good character presented on the defendant's behalf. *State v. Bagley*, 378 So.2d 1356, 1357–1358 (La.1979). Further, LSA–C.E. art. 607(C) permits a party to attack the credibility of a witness by examining him "concerning any matter having a reasonable tendency to disprove the truthfulness or accuracy of his testimony." This grant is subject to the relevancy constraints set forth in LSA–C.E. art. 403, and is limited in scope by LSA–C.E. art. 608(B). *State v. Ellis*, 94–599 (La.App. 5 Cir. 5/30/95), 657 So.2d 341, 353, *writs denied*, 95–2095 (La.12/8/95), 664 So.2d 421 and 95–1639 (La.1, 666 So.2d 300. A trial judge's determination regarding the relevancy and admissibility of evidence will not be overturned on appeal absent a clear abuse of discretion. *State v. Sandoval*, 02–230 (La.App. 5 Cir. 2/25/03), 841 So.2d 977, 985, *writ denied*, 03–853 (La.10/3/03), 855 So.2d 308.

Even if the testimony about the domestic violence in the marriage was evidence of other crimes, as Defendant contends, under the circumstances of this case, it was harmless error and not an abuse of discretion for the trial court to admit the testimony. We find that the limited questioning about domestic violence during the marriage was used for impeachment and a sufficient admonition was given to the jury. This assignment of error lacks merit.

*Unanimous Jury*

In his third assignment of error, Defendant contends the trial court erred in depriving him of a unanimous jury.

Defendant claimed in a pre-trial motion that La.Code Crim.P. art. 782 was unconstitutional in that it allowed for a conviction on a less than unanimous verdict. Defendant likewise objected to the jury instruction providing that a majority of ten of the twelve jury members was required to convict. Louisiana Code of Criminal Procedure Article 782(A) provides:

A. Cases in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.

The jury in this case voted 11-1 to convict Defendant, who then moved post-verdict for a Motion to Declare Unconstitutional Majority Verdict Law with Incorporated Memorandum.

The Louisiana Supreme Court considered this exact issue in *State v. Bertrand,* 08-2215, 08-2311 (La. 3/17/09), 6 So.3d 738, and upheld the constitutionality of La.Code Crim.P. art. 782. The trial court followed *Bertrand* and correctly ruled that in this twelve-person jury trial, a less than unanimous verdict could be reached by the jury.[4]

Defendant in brief before this court argues that we should consider remarks made by the Supreme Court in *McDonald v. City of Chicago,* __ U.S. __, 130 S.Ct. 3020 (2010). He argues in the case at bar that at least one person voted for acquittal, and, had Defendant been prosecuted in federal court or in forty-eight other states, a unanimous verdict would have been required. Defendant further argues that the lack of uniformity in the application of different statutes in different states is an unconstitutional violation of due process and of his Sixth Amendment right to a jury trial.

_____

[4] Amendments to La.R.S. 14:78.1 became effective in August of 2006. Prior to those amendments, the offense at issue called for a sentence with or without hard labor. The 2006 amendments set forth subsection (D)(2), which provided for a hard labor sentence when the victim was under the age of thirteen. The indictment did not indicate the Defendant was charged under any subsection of the applicable statute. However, the Defendant was sentenced under subsection (D)(2) to a hard labor sentence. He did not object to being sentenced pursuant to La.R.S. 14:78.1(D)(2) and has not raised any issue regarding jury composition on appeal.

*McDonald* was a gun control case, and the court in that case did state that it would be "incongruous" to apply different standards "depending on whether the claim was asserted in a state or federal court." *Id.* at 3035 (quoting *Malloy v. Hogan,* 378 U.S. 1, 10-11, 84 S.Ct. 1489, 1495 (1964)). However, the court also noted:

> There is one exception to this general rule [(that Bill of Rights protections are enforceable against the states)]. The Court has held that although the Sixth Amendment right to trial by jury requires a unanimous jury verdict in federal criminal trials, it does not require a unanimous jury verdict in state criminal trials. See *Apodaca v. Oregon,* 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972); see also *Johnson v. Louisiana,* 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972) (holding that the Due Process Clause does not require unanimous jury verdicts in state criminal trials).

*Id.* at 3035, n.14.

This assignment of error has no merit.

### Speedy Trial Act

In his fourth assignment of error, Defendant contends that the case proceeded to trial in violation of the speedy trial act, which provided a time limitation of two years to commence trial once the prosecution was instituted.

Louisiana Code of Criminal Procedure Article 578 provides, in pertinent part: "A. Except as otherwise provided in this Chapter, no trial shall be commenced nor any bail obligation be enforceable. . . . (2) In other felony cases after two years from the date of institution of the prosecution."

The State contends that the issue cannot be raised on appeal as it was not raised pre-trial. This Court agrees. As noted in *State v. Major*, 03-249, p. 8 (La.App. 3 Cir. 3/2/05), 898 So.2d 548, 554:

> Louisiana Code of Criminal Procedure article 581 states in part that: "Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss the indictment.

The right of dismissal is waived unless the motion to quash is made prior to trial." Because Major failed to raise the issue via a pre-trial motion to quash, it was not preserved for review and we need not consider it.

*See also State v. Smith*, 03-786 (La.App. 5 Cir. 12/30/03), 864 So.2d 811, *writs denied*, 04-380, 04-419 (La. 6/25/04), 876 So.2d 830, (La. 6/25/04), 876 So.2d 830.

Because Defendant failed to file a pre-trial Motion to Quash, Defendant waived review of his claim of untimely prosecution. This assignment of error is without merit.

## DISPOSITION

For the foregoing reasons, we affirm the conviction of Defendant for aggravated incest in violation of La.R.S. 14:78.1.

**AFFIRMED.**