418 So.2d 534 (1982)
STATE of Louisiana
v.
Ola SMITH.
No. 81-KA-3189.
Supreme Court of Louisiana.
June 21, 1982.
Rehearing Denied September 3, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., G. M. Grosz, Abbott J. Reeves, William Credo, Asst. Dist. Attys., for plaintiff-appellee.
Joseph L. Montgomery, Metaire, for defendant-appellant.
WILLIAM NORRIS, III, Justice Ad Hoc[*].
Defendant was charged by bill of information with the crime of armed robbery in violation of La.R.S. 14:64. After trial by jury, she was found guilty as charged resulting in the imposition of a sentence of 20 years at hard labor without benefit of probation, parole, or suspension of sentence.
*535 It is from this conviction and the resulting sentence that defendant appeals asserting two assignments of error, to-wit: (1) The Trial Court committed reversible error by failing to grant defendant's motion for mistrial following questioning and comments by the District Attorney in violation of La.C.Cr.P. Art. 770(2) and La.R.S. 15:495; and (2) The Trial Court failed to properly delineate its reasons when it imposed sentence, and that the sentence was excessive.

FACTS
On January 6, 1977, at approximately 11:30 a. m. two black males and two black females entered the Hum Bug Jeans Store located on Williams Boulevard in Kenner, Louisiana. The two men stood at one end of the store while the two women selected two pair of jeans and shopped for shirts. There were two employees in the store during this time, one of whom was working behind the check-out counter. One of the two men came up behind this particular employee and said, "Turn around slow. This is a stick-up." When the employee turned around, he was confronted by the two men, one of whom had a gun. The two employees were then taken to the rear of the store and forced to lie on the floor of the stockroom. The black female later identified by the victims as the defendant, Ola Smith, held a gun to each of the victims' heads while they were being tied up by one of the men. The foursome stole approximately $3400 worth of jewelry, leather coats, jeans and suits and about $200 in cash. After they exited the store, they were seen by an adjoining shopowner who called the police and untied the victims.
Defendant was arrested the next day on a fugitive warrant from the 29th Judicial District Court for an armed robbery in St. Charles Parish. After her arrest, officers of the Kenner Police Department arranged a photographic line-up which was shown to the victims of the instant offense, who identified defendant as the female participant who had held the gun to their heads during the robbery at the Hum Bug Jeans Store.

ASSIGNMENT OF ERROR # 1
Prior to and on the same day as defendant's trial, a hearing was held on a motion to suppress defendant's identification at the photo line-up. After defendant's motion to suppress was denied, defense counsel stated to the court that he had been served with notice of intention to use certain oral and written statements given by defendant. Defense counsel also objected to the use of the written statement because it did not relate to the instant offense but only related to the pending charge in St. Charles Parish. The court sustained the objection insofar as it related to the warrant for arrest from St. Charles Parish and gave the following instruction directed to the prosecutor:
I will sustain the objection to the written statement insofar as it relates to any warrant for arrest from St. Charles Parish. Also, I want you to caution the police officers not to go into the St. Charles Parish warrant. What other motions do we have?
Thereafter, trial on the instant offense commenced. The first witness called was Nick Congemi, a supervisor with the Kenner Police Department. He testified that he had directed Detective Fayard to take the photographs of defendant and arrange for the photo line-up. During cross examination, defense counsel pursued a line of questioning seeking to determine why a photo line-up rather than a physical line-up had been utilized for identification purposes. When defense counsel asked why the witness did not utilize the facilities of Jefferson Parish for a line-up, the court excused the jury.
The court then asked the question to the witness outside the jury's presence. The witness then answered as follows:
Initially, she was arrested on a warrant from St. Charles Parish for armed robbery there and after we had her in our custody and prior to transporting her to Jefferson Parish, we took photographs of her prior to transferring her to St. Charles Parish. There was no way of taking her to Jefferson Parish at that time.
*536 After further questioning by defense counsel [also outside of the presence of the jury], the court informed him that this line of questioning was leading to the St. Charles Parish armed robbery charge. The court further remarked that he might "open the door" with this line of questioning. The court finally remarked:
I am perfectly willing to let you talk about why the procedure wasn't proper, but are you willing to let him repeat this in front of the jury. I would think that it would be very prejudicial to your client and I am trying to avoid any prejudicial evidence getting before this jury, such as testimony about an outstanding charge of armed robbery in another parish. I think you have made your point. (Emphasis added.)
After this statement, the jury returned, and defense counsel asked no further questions of this witness.
No further reference was made to any prior arrests until the defendant took the stand in her own defense. On direct examination she testified that she had no criminal record. Furthermore, she specifically denied having participated in the instant armed robbery.
Thereafter, on cross examination, the following exchange occurred between the defendant and the prosecutor:
[PROSECUTOR]
Q You testified that you have no criminal record, is that right?
A No.
Q Are you the same Ola Smith that was arrested in 1974, in Harahan, for possession of narcotics?
A No, I have never been arrested.
Q Are you not the same Ola Smith that was arrested on a fugitive warrant from St. Charles Parish for armed robbery?
A Yes, I was.
Q But, you don't have any criminal record?
A No.
[PROSECUTOR]
That's all I have.
No objection was made to this line of questions.
Subsequent to this exchange when the defendant completed her testimony on re-direct examination, the state attempted to introduce an exhibit which was termed the "rap sheet of Ola Smith." The defense then objected, and the court sustained the objection admonishing the jury to disregard the offering.
Then during closing argument, the prosecutor made the following comments:

* * * * * *
Another thing, she doesn't have a good memory about her criminal record, and she denies having ever been arrested for narcotics and about the St. Charles Parish
MR. WILLIAMS:
Your Honor, I object and I'm going to move for mistrial.
The court sustained the objection but denied the motion for the mistrial. Furthermore, there was no admonition given to the jury to disregard this statement. This is the particular ruling complained of in this assignment of error.
Evidence of an arrest is never admissible at trial. La.R.S. 15:495.[1] Therefore, La.C.Cr.P. Art. 770(2)[2] mandates that *537 a mistrial be granted in the instant case because of the remarks made by the prosecutor in his argument to the jury relating to the other two arrests for which evidence was not admissible. State v. Constantine, 364 So.2d 1011 (La.1978).
Initially, it was clearly erroneous for the prosecutor to question the defendant on cross examination about her prior two arrests particularly in light of the prior admonitions against such prejudicial testimony given by the trial judge at the hearings on the pre-trial motions. However, because the defense did not object contemporaneously, the erroneous admission of this testimony is not subject to our review. State v. Bernard, 358 So.2d 1268 (La.1978). However, notwithstanding, the prosecutor then attempted to offer the "rap sheet" which was objected to and again referred to the two arrests during his closing argument. The state concedes that its actions were improper but asserts that its reference in closing argument does not constitute reversible error relying on State v. Messer, 408 So.2d 1354 (La.1982) and La.C.Cr.P. Art. 921.[3]Messer holds that a verdict will not be overturned on the basis of improper argument unless the court is firmly convinced that the jury was influenced by the remarks and that they contributed to the verdict. La.C.Cr.P. Art. 921 provides that a judgment or ruling shall not be reversed because of any error, defect, irregularity, or variance which does not affect a substantial right of the accused and did not influence the jury's verdict. We conclude that these authorities are inapplicable in the instant case to excuse the conduct of the prosecutor because the remarks in argument could not be construed as simply improper, and the ruling affected a substantial right of the defendant, i.e., a statutory right granted to her by La.R.S. 15:495.
Even though defense counsel did not object to the earlier references to the arrest of the defendant, the fact that the prosecutor made a prejudicial reference to the arrests without objection during questioning does not grant him license to exploit defense counsel's inattention, omission, or mistake by repeated prejudicial comments in the same vein. See State v. Lee, 346 So.2d 682 (La.1977). On the face of the record, this is exactly what was attempted in this case. The following statement from Lee is equally applicable and appropriate here:
Our rules are not intended to be available for manipulation by the defense or by the state. (Emphasis added.) 346 So.2d at 685.
While the evidence in this case may be sufficient to establish defendant's guilt beyond a reasonable doubt, that is hardly an excuse for the prosecutor to be allowed to make such a statutorily impermissible comment during his argument. Our view in this regard is bolstered by occurrences during the hearing on the pre-trial motions that resulted in the trial court's statement that evidence of the St. Charles arrest for the offense of armed robbery was not to be admissible at trial, the dialogue during the questioning of the police officer outside the presence of the jury and the sustaining of the objection to the introduction of the "rap sheet" with the accompanying admonition. Furthermore, the reference in the argument called attention to the St. Charles Parish arrest which was for armed robbery, *538 the exact crime for which the defendant was standing trial.
The state's position that the actions of the prosecutor constitute harmless error is totally without merit. A mistrial is mandated under La.C.Cr.P. Art. 770(2) for the exploitation of the arrest testimony during the closing argument because La.C.Cr.P. Art. 770 conclusively determines that a reference to another crime as to which evidence is not admissible is prejudicial. State v. Green, 315 So.2d 763 (La.1975).

ASSIGNMENT OF ERROR # 2
Defendant argues that the sentence of 20 years at hard labor without benefit of parole, probation or suspension of sentence is excessive and that the trial court failed to give adequate reasons for the imposition of the sentence.
While our holding on Assignment of Error # 1 pretermits any necessity for our discussing this assignment, our review of the record indicates that the trial judge failed to adequately comply with the sentencing guidelines of La.C.Cr.P. Art. 894.1. We simply make this observation in an attempt to avoid the necessity for another remand on this issue should another appeal result from a re-trial of this case.
Accordingly, for the foregoing reasons, the conviction of defendant for armed robbery is reversed, her sentence is vacated, and the case is remanded to the district court.
FRED C. SEXTON, Jr., J. ad hoc, concurs with reasons.
BLANCHE, J., dissents and assigns reasons.
FRED C. SEXTON, Jr., Justice Ad Hoc, concurring.
I concur in the treatment of Assignment No. 1 in holding that a mistrial is mandated under the authority of LSA-C.Cr.P. Art. 770(2). However I disagree with the treatment of Assignment No. 2 with respect to the sentence. In my view, the severity of the offense coupled with this defendant's specific actions in committing it are sufficient to place the sentence imposed within the considerable discretion of the trial judge.
BLANCHE, Justice (dissenting).
I respectfully dissent.
Objection by defense counsel interrupted the state's argument before the prosecution was able to inform the jury that the St. Charles warrant was issued on a charge of armed robbery. Although the state's reference to the St. Charles warrant was decidedly improper, I do not believe its effect was so prejudicial to the defendant as to warrant reversal of this conviction. The error was harmless and the conviction should be affirmed.
NOTES
[*] Judges William Norris, III, and Fred C. Sexton, Jr., of the Court of Appeal, Second Circuit, and Judge Robert L. Lobrano of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices pro tempore, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Walter F. Marcus, Jr., Fred A. Blanche, Jr., and Harry T. Lemmon.
[1] La.R.S. 15:495 provides:

Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein.
[2] La.C.Cr.P. Art. 770 provides:

Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
(1) Race, religion, color or national origin, if the remark or comment is not material and relevant and might create prejudice against the defendant in the mind of the jury;
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
(3) The failure of the defendant to testify in his own defense; or
(4) The refusal of the judge to direct a verdict.
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial.
[3] La.C.Cr.P. Art. 921 provides:

A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused.