ARMSTRONG, Judge.
The defendant, Kevin Coleman was charged with and convicted of a violation of LSA-R.S. 14:62.2, relative to simple burglary of an inhabited dwelling. He was sentenced as a multiple offender to 24 years at hard labor, the first year of the sentence to be served without benefit of parole, probation or suspension of sentence. We reverse.
The record reflects that on September 8, 1983 the residence of Alta Simonds and her son David was broken into, and some property stolen, including David Simonds’ high school ring and approximately forty dollars in cash. When Mr. Simonds discovered the break-in, he contacted the police. Police technicians took fingerprints at the scene of the crime.
On September 8, 1983, David Hernandez was working at his father’s pawnshop. The defendant sold Hernandez two rings, one of which was a high school ring. Mr. Hernandez filled out a purchase voucher and sent it to the pawn shop division of the New Orleans Police Department.
On September 21, 1983 Sergeant Duane Johnson examined the voucher filled out by David Hernandez and discovered that the high school ring described on the voucher matched the description of the one stolen from the Simonds’ residence. He also discovered that the fingerprints of the defendant matched those taken by the crime technician on the day of the burglary. Detective Malcolm Williams showed a photographic line-up to Mr. Hernandez and Mr. Hernandez identified the defendant as the person who sold the rings. Detective Williams showed David Simonds the two rings and he identified them as his and stated that they were part of the property taken during the burglary. At trial, David Simonds testified that he did not give the defendant permission to enter the house or to take the rings.
A review of the record reflects that there are no errors patent.
On appeal the defendant asserts two assignments of error. Because we find reversible error in assignment of error number one, we need not address assignment of error number two.
In his first assignment of error, the defendant argues that the trial court erred in denying his motion for a mistrial when the state commented in its opening statement that the defendant had a criminal record.
During opening statement the following occurred:

By The State:

He discovered that a person by the name of Kevin Coleman had shown his driver’s license to the person who was running the pawn shop. Through investigation, Sgt. Johnson found a person named Kevin Coleman, whose description and birth-date fit the birthdate on the drivers license, had a criminal record_ (emphasis added)

By Mr. Riley:

Objection, Your Honor. I see no reason for the prosecution to go into mentioning anything about the defendant’s previous record in this matter. And, because of his mentioning that, we would ask that we be granted a mistrial at this point.

By The Court:

A mistrial is denied. Wait a while. You lawyers want to come up here a moment?

Reporter’s Note:

A conference ensued at the bench.

By The Court:

Ladies and Gentlemen of the jury, the court instructs you to disregard the remarks of the district attorney — the last remarks.
Article 770(2) of the Code of Criminal Procedure mandates the granting of a mistrial upon a prosecutor’s reference to “another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible.”[1] The *410 Courts have recognized that a mistrial may not be warranted where the improper remark of the prosecutor refers to an event constituting part of the res gestae of the crime charged. We find that the case before us does not fall within this limited exception. State v. Crawford, 458 So.2d 518 (La.App. 4th Cir.1984); State v. Roberson, 454 So.2d 343 (La.App. 4th Cir.1984) writ denied, 458 So.2d 126 (La.1984).
However, the state argues that no specific crime was mentioned; that any prejudice to the defendant was cured by the judge’s admonition to the jury; and any error which may have resulted from the court’s failure to grant the mistrial was harmless. These arguments lack merit.
It has been held that a reference to the defendant’s “criminal record” qualifies as an indirect reference to other crimes although no specific crime was mentioned. State v. Arnaud, 448 So.2d 253 (La.App. 1st Cir.1984). See also: State v. Smith, 418 So.2d 534 (La.1982). To argue that any prejudice to the defendant was cured by the court’s admonition ignores the clear language of article 770 that “an admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial.” State v. Green, 315 So.2d 763 (La.1975). Nor do we find that the prosecutor’s improper comment constituted harmless error since the denial of a mistrial upon a motion by a defendant complaining of a remark prohibited by Article 770 is per se a substantial violation of a statutory right. Id. at 765.
Accordingly, we find that under these circumstances the trial court committed reversible error in denying the defendant’s motion for a mistrial.
For the foregoing reasons, the conviction and sentence herein are reversed and set aside, and this matter is remanded to the trial court for a new trial.

Conviction Reversed.

Sentence Vacated.

Remanded.