556 So.2d 1317 (1990)
STATE of Louisiana
v.
Earnest FELIX.
No. CR88-1315.
Court of Appeal of Louisiana, Third Circuit.
February 7, 1990.
*1318 John Hernandez, Carencro, for defendant-appellant.
Michelle Jackson, Asst. Dist. Atty., Lafayette, for plaintiff-appellee.
Before GUIDRY, STOKER and YELVERTON, JJ.
GUIDRY, Judge.
Defendant, Earnest Felix, was convicted by a six person jury in the Parish of Lafayette of simple burglary, a violation of La. R.S. 14:62. The trial court sentenced defendant to serve twelve years at hard labor with the Louisiana Department of Corrections. The defendant appeals his conviction and sentence on the basis of three assignments of error. As we reverse defendant's conviction on the basis of his first assignment of error, we need not consider the other alleged errors assigned by defendant.

FACTS
Defendant was charged by bill of information with the August 3, 1986 simple burglary of the Pax Pawn Shop in Lafayette, Louisiana.
Defendant's trial by jury commenced September 14, 1987, and culminated in a guilty verdict on September 16, 1987. The evidence adduced at trial established that the glass in the front door of the Pax Pawn Shop had been shattered by a brick, which was found lying beside the door outside the building. Eyewitnesses, Lydia Green and Tracy Menard, identified the defendant as the person they saw break the glass, enter the shop, and then a few minutes later leave the shop and walk away. Police Officer Dwight Faul testified that he questioned defendant soon after the robbery and noticed that defendant had cuts on his arm and shoulder and shards of glass on his clothing. Officer Faul also testified that defendant had no problem understanding his questions or answering them. He did, however, state that his impression was that defendant may have been intoxicated.
Rather than denying he committed the burglary, defendant claimed that he had no recollection of the event due to the level of his intoxication. Additionally, although defendant alleges he had been drinking all that day with a friend named Joseph Harris, he admitted that he never apprised his lawyer of this and also admitted that no one else could verify his story.
Defendant also testified on re-direct examination that following his arrest he received treatment for his alcohol problem and had not taken any drugs or used alcohol since the completion of his treatment. On re-cross examination, the prosecuting attorney questioned defendant concerning an alleged drug and alcohol related arrest two weeks prior to his trial for the instant offense. Defendant's attorney then moved for a mistrial, which the court denied.
At the conclusion of the trial on September 16, 1987, the jury found defendant guilty as charged. On December 15, 1987, defendant was sentenced to serve twelve years at hard labor in the custody of the Louisiana Department of Public Safety and Corrections, with credit for time served. From his conviction and sentence, the defendant perfected this appeal.

Assignment of Error No. 1
By this assignment of error, defendant argues that he was denied his right to a fair trial under both the United States *1319 and Louisiana Constitutions. Specifically, defendant contends that the prosecuting attorney referred, in the presence of the jury, to another crime alleged to have been committed by the defendant. Defendant urges that this reference to another crime was in clear violation of La. R.S. 15:495 and La.C.Cr.P. 770(2), and the trial court therefore erred by merely issuing an admonition and in not granting his motion for a mistrial. We agree.
Defendant on re-direct examination testified as follows:
"Q. Mr. Felix, you went to Brisco; that's a drug hospital?
A. Yes, sir.
Q. When was that?
A. That was last year.
Q. This was after you got arrested?
A. I stayed in jail about three (3) months and from there I went to the hospital, from jail.
Q. All right. And you were in this hospital taking drug treatments, alcohol treatments?
A. Yes, sir.
Q. Did you complete that program?
A. Yes, sir.
Q. You graduated, so to speak?
A. Yes, sir.
Q. Have you done any drugs or taken any alcohol since?
A. No, sir.
Q. Thank you."
On re-cross examination, the following exchange took place between defendant and the prosecuting attorney:
"Q. Mr. Felix, you haven't taken any drugs or done any alcohol since you got out of the hospital?
A. No.
Q. Would you like to tell us about your arrest two (2) weeks ago under the influence of alcohol and in possession of narcotics paraphernalia?" (Emphasis ours)
Following an objection by defense counsel and its being sustained by the court, the prosecuting attorney, in the presence of the jury, again referred to defendant's arrest as follows:
"Well, this is an arrest, Your Honor. The defendant just specifically denied any contact with drugs or alcohol since his release from the hospital and in point of fact, he was arrested on September 4, with a notation that he had been drinking and that he was in possession of narcotic paraphernalia."
The court then admonished the jury as follows:
"I'm going to sustain that and I will direct the jury to disregard the question, any answer, reflections or expressions on the face of the defendant subsequent to the question. You shall disregard it and shall not take it into your deliberations.
Satisfactory, sir?"
Defendant urges that when the prosecuting attorney questioned him about this alleged arrest, she violated La.R.S. 15:495 and La.C.Cr.P. art. 770(2). La.R.S. 15:495 provides, in pertinent part, as follows:
"Evidence of conviction of crime, but not of arrest ... is admissible for the purpose of impeaching the credibility of the witness ... and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein." (Emphasis ours)
La.C.Cr.P. art. 770(2) provides, in pertinent part, as follows:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible; ..."
The clear and unequivocal wording of the two statutes in question, along with the jurisprudence interpreting the articles, supports the finding that defendant's objection was well founded, and his motion for mistrial should have been granted. The prosecuting attorney in this case sought to impeach the credibility of the defendant as a *1320 witness by improperly referring to an arrest of the defendant. (La.R.S. 15:495). Furthermore, the prosecuting attorney's question and her subsequent statement in the presence of the jury, referring to another crime defendant allegedly committed, the evidence as to which was not admissible, warranted, upon defendant's contemporaneous motion, the granting of a mistrial, as mandated by La.C.Cr.P. art. 770(2).
The jurisprudence unequivocally supports this conclusion. In State v. Gaspard, 301 So.2d 344 (La.1974), the Supreme Court found reversible error had occurred when the prosecutor asked defendant if it was not a fact that defendant was charged with attempted murder with respect to another incident. Further, the court held that such error could not be cured by an admonition to the jury.
In State v. Smith, 418 So.2d 534, at 537 (La. 1982), the Supreme Court found that "... it was clearly erroneous for the prosecutor to question the defendant on cross examination about her prior two arrests..." In Smith, the court held that evidence of an arrest was never admissible. Citing La.R.S. 15:495 and La.C.Cr.P. art. 770(2), the court concluded defendant's motion for mistrial should have been granted.
The State in its brief to this court concedes the general prohibition of La.R.S. 15:495 and La.C.Cr.P. art. 770(2). However, the State claims that evidence of arrest or pending charges is admissible if it has relevance independent of its impeachment value, citing State v. Dupre, 369 So.2d 1303 (La. 1979). While we agree that there are exceptions to the rule, we find Dupre is not applicable to the case under review. In Dupre, the prosecution mentioned that defendant had been arrested for aggravated rape. First, because this crime was part of the same occurrence for which the defendant had been charged, it was part of the res gestae and Prieur applied. State v. Prieur, 277 So.2d 126 (La. 1973). Second, evidence of the rape was also admissible to prove an essential element of the charged offense, i.e., aggravated kidnapping. Dupre, at 1305. Finally, the arrest for aggravated rape was admissible because the prosecution was entitled to test the opinion of the defense's expert witness.
The State does not claim that defendant's later arrest was part of the res gestae of the burglary. Reference to the res gestae of a crime are neither improper nor prohibited. La.R.S. 15:447; State v. Rexrode, 536 So.2d 671 (La.App.3rd Cir.1988). However, in this case, the circumstances giving rise to defendant's arrest occurred long after the burglary incident. Furthermore, evidence of the arrest was not necessary to test the factual matrix upon which an expert opinion was based. Neither was the evidence offered to show intent, knowledge or system. Nor can we classify the prosecutor's question as responsive to an issue which the defendant himself has brought into the case. See State v. Cotten, 438 So.2d 1156 (La.App. 1st Cir.1983), writ denied, 444 So.2d 606 (La. 1984). Although defendant denied any use of alcohol or drugs following his hospitalization, the State should have impeached his credibility on this issue without any reference to arrests of the defendant.
Additionally, the State's position that the actions of the prosecutor constitute harmless error is not supported by case law. La.C.Cr.P. art. 921, which provides that "[a] judgment or ruling shall not be reversed ... because of any error ... which does not affect substantial rights of the accused, ...", has by jurisprudence been deemed inapplicable to cases such as the one at bar in as much as the statutory right granted by La.R.S. 15:495 is a substantial right. State v. Smith, supra. Moreover, the harmless error rule does not apply to violations of La.C.Cr.P. art. 770. State v. Green, 315 So.2d 763 (La.1975); State v. Coleman, 499 So.2d 408 (La.App. 4th Cir.1986).
The State's final argument that its case against the defendant is so overwhelming that reversal is not required is also unavailing. State v. Smith, supra; State v. Andrews, 527 So.2d 411 (La.App. 4th Cir.1988), cert. denied, 532 So.2d 176 (La.1988); State v. Morgan, 513 So.2d 361 (La.App. 4th Cir.1987), writ denied, 514 So.2d 1179 (La.1987). This very same argument by the State was specifically rejected in the cited cases.
*1321 Accordingly, for the reasons stated, the defendant's conviction is reversed, his sentence vacated and the case remanded to the district court for a new trial.
REVERSED.