JONES, Judge.
Defendant was convicted of distribution of heroin, a violation of R.S. 40:966. He was sentenced to life imprisonment at hard labor without benefit of probation or suspension of sentence.
On January 22, 1988 at about 9:00 p.m., Officers Landry, Smith and Parker drove to Rose’s Tavern in conjunction with their participation in Operation Pitter-Pat, an undercover operation targeted at drug dealers in the Mid-City area. Landry exited the car and went into the bar to try to make an undercover drug purchase. Smith and Parker stayed in the car to provide back-up assistance.
Officer Evans, the supervisor of this operation, was stationed in another car further away so that he could provide additional back-up assistance. He watched Landry through his binoculars.
When Landry went into the bar, he saw a woman named Rae Ann Morgan. He bought some drugs from her, then asked if she had seen a man called “Put-Put.” She said that the man called “Put-Put” was “around.” Landry walked out of the bar. As he was walking out he saw “Put-Put”. He gave this “Put-Put” twenty-five dollars for some heroin. This “Put-Put” went into the bar, got the heroin from Rae Ann Morgan, and returned to give it to Landry.
Landry then left with Smith and Parker. He turned the heroin in to the Evidence Room later that night, noting on it that it had been seized from a “known male.”
Landry testified that days before the sale he had asked Officer Evans, the real name of the man called “Put-Put.” Officer Evans told Landry that, based upon information received from confidential informants, he thought the man’s name was David Monroe and that the man was Rae Ann Morgan’s boyfriend. Landry then obtained a photograph of David Monroe, whom Landry had known as “Put-Put,” and showed it to Evans, who identified the individual in the picture as David Monroe. After Landry made the purchase, he reported to Officer Evans and told him that he had purchased heroin from the defendant, David Monroe.
The defendant was subsequently arrested three months later when Operation Pit-ter-Pat ended.
Connie Franklin, Cynthia Franklin and Barbara Gordon, all sisters of the defendant’s wife, Pamela, testified that on the night of January 22, 1988, the defendant and Pamela gave a surprise birthday party for Cynthia at their house. According to them, the defendant was at the party from around 5:00 p.m. until after 1:00 a.m.
Bertha Irons, a guidance counselor at John McDonogh High School, Mary Dailey, a school teacher in Orleans Parish, and Barbara Dewey, a guidance counselor with the school board, all testified that based upon the defendant’s reputation, as presented to them by various sources in the community, they had allowed the defendant to give speeches to various student groups about the dangers of drug abuse. Although the defendant had a prior record, they thought that he had changed and was devoted to helping children fight drug use.
Joe Miller, an FBI employee, testified that he had known the defendant all his life and that the defendant was a role model for children in the community and helped them stay off drugs.
Rolland Monroe, the defendant’s brother, testified that he and the defendant had another brother named Aaron, that Aaron’s nickname was also “Put-Put,” that Aaron *127 was known as “Little Put-Put” and the defendant was known as “Big Put-Put,” and that Aaron was Rae Ann Morgan’s boyfriend, not the defendant. He further testified that Aaron had a drug problem and was not at the birthday party on the night of the drug sale.
The defendant testified in his own behalf. He denied committing the crime. He testified that he was at the birthday party for Cynthia when the drug sale occurred. He further testified that he had never used drugs and was involved in community work. He admitted that he had been convicted of armed robbery when he was fourteen years old and had been sentenced to the Louisiana Training Institute for “juvenile life.” He also admitted that while he was at LTI he participated in a murder which resulted in his serving an additional ten years in Angola. He was twenty-five years old at the time of trial.
Originally charged with two counts of distribution of heroin, the defendant was tried by jury on March 15, 1990. He was found not guilty on the first count. The jury was hung on the second count, resulting in a mistrial. The defendant was tried again on the second count on September 12, 1990 and found guilty as charged by the jury.
ERRORS PATENT
In this case the defendant was sentenced on the same day that his motion for new trial was denied. La.C.Cr.P. art. 873 provides that a sentence shall not be imposed until at least twenty-four hours after denial of a motion for new trial unless the defendant expressly waives the delay. There is no indication that the defendant waived this twenty-four hour delay. However, since the defendant has not challenged his sentence on appeal, such error is harmless. State v. Collins, 584 So.2d 356 (La.App. 4th Cir.1991).
ASSIGNMENT OF ERROR NO. 1
The defense contends that the trial court erred in allowing inadmissible hearsay into evidence. It refers to portions of the trial transcript where state witness, Officer Evans, testified on redirect examination that he had learned from two informants that “Put-Put” was David Monroe and the boyfriend of Rae Ann Morgan. The defense counsel objected and was overruled.
The defense contends that it was error to allow Officer Evans to testify regarding what the informants told him because such testimony constitutes hearsay. The defense further contends that the introduction of this hearsay testimony was not harmless because the information contained therein was not cumulative and because the informants did not themselves testify to verify Officer Evans’ statements regarding what had been told to him.
The defense failed to inform the court that it had already specifically elicited this hearsay testimony from Officer Evans on cross examination. Because the defense had already specifically elicited this information from Officer Evans, its objection to the elicitation of this same information by the State on redirect was too late and without merit. Thus, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
During the direct examination of the defendant, defense counsel asked the defendant about the public speaking he allegedly did to encourage students not to use drugs. The state objected on the ground that the information sought was not relevant. The trial court sustained the objection and refused to allow the defendant to testify on this issue.
The defense contends that the trial court impermissibly restricted the defendant’s right to present a defense by refusing to allow the defendant to testify regarding these public speaking engagements.
Article I, Section 16 of the 1974 Louisiana Constitution guarantees the defendant the right to present a defense and to testify in his own behalf. Even if the trial court erred in finding that the information was irrelevant, the error is harmless because it did not deprive the defendant of his right to present a defense. Three teachers and/or guidance counselors had already *128 testified regarding the public speaking the defendant did. Thus, the jury had access to this information.
The facts of this case differ from those presented in State v. Shoemaker, 500 So.2d 385 (La.1987), the most recent Louisiana Supreme Court decision to address this issue. In Shoemaker, the defendant was convicted of distribution of marijuana. A law enforcement officer who allegedly purchased marijuana from the defendant testified against the defendant. The defendant testified in his own behalf. He wanted to urge the entrapment defense. However, when he began to testify about the contents of the conversation he had with the officer to prove entrapment, the State objected on the ground that the testimony constituted hearsay. The trial court sustained the objection and refused to allow the defendant to testify regarding what the officer had said to him. The Supreme Court found that the statement was not hearsay and that the defendant had been deprived of his right to present evidence of the defense of entrapment.
In this case, unlike Shoemaker, the evidence sought to be introduced through the defendant’s testimony was already before the jury by virtue of the testimony of the teachers and/or guidance counselors. Thus, the failure of the court to allow the defendant to testify to the same facts which had already been introduced, did not deprive the defendant of his right to present a defense. Thus, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 3
The defendant contends that his conviction should be reversed because the State was allowed to question the defendant over defense counsel’s objection about an arrest on February 24, 1988 for possession of codeine at Rose’s Tavern. The State asked the defendant this question on cross-examination to impeach his earlier testimony that he did not use drugs. The defendant admitted that he had been arrested for that offense, but tried to explain that he took codeine because of problems he had with his teeth.
The introduction of evidence of other arrests is not admissible for impeachment purposes. La.C.Evid. art. 609.1 B. provides:
“Generally, only offenses for which the witness has been convicted are admissible upon the issue of his credibility, and no inquiry is permitted into matters for which there has only been an arrest, the issuance of an arrest warrant, an indictment, a prosecution, or an acquittal.”
Additionally, La.C.Cr.P. art 770(2) mandates that a mistrial be granted when the State makes a remark relating to other crimes committed by the defendant. State v. Smith, 418 So.2d 534 (La.1982). “[A] reference to another crime as to which evidence is not admissible is prejudicial.” Smith, supra, p. 538.
This court addressed this issue in State v. Morgan, 513 So.2d 361 (La.App. 4th Cir. 1987), writ den. 514 So.2d 1179 (La.1987). In Morgan, the defendant was convicted of second degree murder. The defendant testified at trial in his own behalf. On cross-examination, the State was allowed to question the defendant about a prior arrest for impeachment purposes. This court found that the trial court had erred in allowing the State to question the defendant about his prior arrests. It found that such questioning was prohibited under La. R.S. 15:495, now La.C.Evid. art 609.1, and under La.C.Cr.P. art. 770. As to the State’s argument that the error was harmless because the evidence against the defendant was overwhelming, this court found that the harmless error rule does not apply when La.C.Cr.P. art. 770 has been violated because the error constitutes a per se violation of the defendant's constitutional rights.
Based upon this jurisprudence, it was reversible error for the court to allow the State to question the defendant about his prior arrest. Even if the harmless error rule applied, reversal would still be warranted because of the prejudice the comments caused to the defendant. The central issue in this case was whether the police had incorrectly identified the defendant as the perpetrator instead of the de *129 fendant’s brother, Aaron. The defendant argued that he did not use drugs and was involved in community work with students to prevent drug abuse, while his brother, Aaron, who looked very much like him, was a drug addict. The defense presented strong evidence that the police may have erred. The admission into evidence of the fact that the defendant had been arrested in Rose's Tavern within a month of the offense at issue for possession of drugs seriously weakened the defendant’s case, and, therefore prejudiced him.
This assignment of error has merit and the defendant’s conviction is reversed.
Having found that the defendant’s conviction should be reversed because of the aforementioned error, we pretermit discussion of defendant’s remaining assignment of error.
For the reasons above indicated, the conviction and sentence of the defendant is reversed and the case is remanded for a new trial.
REVERSED AND REMANDED.