635 So.2d 617 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Dana BOUTTE, Defendant-Appellant.
No. CR93-1249.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1994.
*618 Paul Peter Reggie, Lake Charles, for State.
Raymond L. Simmons, Baton Rouge, for Dana Boutte.
Before GUIDRY and LABORDE, JJ., and CULPEPPER[*], J. Pro Tem.
WILLIAM A. CULPEPPER, Judge Pro Tem.
On April 23, 1992, the defendant, Dana Boutte, was charged by bill of indictment with one count of possession of cocaine, a violation of La.R.S. 40:967(C). Following a trial by jury on May 14, 1993, the defendant was found guilty.[1] On May 20, 1993, the state filed an habitual offender bill against the defendant. On August 20, 1993, a hearing on the habitual offender bill and defendant's motion for new trial was held. Following the court's denial of defendant's motion for new trial, defendant was found to be an habitual offender and sentenced to five and one-half years on his conviction of possession of cocaine. In addition, the court revoked the defendant's probation on a prior conviction of distribution of cocaine and the original sentence of five years with the Department of Corrections was imposed. The court ordered these sentences to run consecutively. The defendant now appeals his conviction.
On February 14, 1992, at approximately 9:00 p.m., Officer Kraus of the Lake Charles City Police Department observed a four door, beige 1980 Oldsmobile parked in Peggy's Superette with very loud music booming from the vehicle. He approached and asked the driver, later determined to be the defendant, for his driver's license. Defendant said he had none. When the officer returned to his vehicle for his ticket book, defendant sped off in his car. The officer tried to give chase, but failed due to traffic conditions. Later that same night at about 11:53 p.m., the officer saw the same vehicle again. While attempting to stop the vehicle, Officer Kraus observed the driver, Dana Boutte, throw a plastic wrapper out of the window. The officer stopped and recovered the plastic wrapper. It contained a substance which the officer thought, and was later analyzed to be, crack cocaine. After recovering the evidence, Officer Kraus stopped the vehicle and placed the defendant under arrest for possession of a controlled dangerous substance (CDS). At the time of defendant's arrest, the two other occupants of the vehicle, Dexter Thomas and Derrick Davis, were both placed under arrest and charged with the same offense. These charges were later rejected by the district attorney's office.

ASSIGNMENTS OF ERROR NOS. 2 AND 9
By these assignments of error, defendant argues the trial court committed error when it allowed the prosecutor to refer directly to another crime of which defendant had been previously convicted. During his closing statement the prosecutor, in argument to the jury, made the following statements "... little punks like him, Dana Boutte, who think they can ride around the streets of this parish and sell crack cocaine", "... when there was no Dana Bouttes riding around selling crack cocaine" and "This man cannot be allowed to ride around Calcasieu Parish and sell crack cocaine." After the last statement defense counsel finally objected to the prosecutor's comments noting that there had been no evidence that the defendant had sold or attempted to sell crack cocaine and the state had repeatedly and prejudicially *619 argued that the defendant was running around doing so. The trial judge overruled the objection.
La.C.Cr.P. art. 770 provides in pertinent part:
"Upon motion of a defendant, a mistrial shall be ordered when a remark or comment, made within the hearing of the jury by the judge, district attorney, or a court official, during the trial or in argument, refers directly or indirectly to:
* * * * * *
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
* * * * * *
An admonition to the jury to disregard the remark or comment shall not be sufficient to prevent a mistrial. If the defendant, however, requests that only an admonition be given, the court shall admonish the jury to disregard the remark or comment but shall not declare a mistrial."
After the trial judge overruled defendant's objection, defendant did not request an admonition or a mistrial. He was not required to do so to preserve his rights on appeal, because it would have been useless. State v. Baylis, 388 So.2d 713 (La.1980); State v. Hamilton, 356 So.2d 1360 (La.1978).
As the Official Revision Comment states, Art. 770 does not prevent admission of evidence of another crime to prove systematic intent under La.R.S. 15:445 and 15:446. However, in the case sub judice no effort was made by the state to introduce such evidence.
In State v. James, 459 So.2d 1299 (La.App. 3d Cir.1984), writ denied, 463 So.2d 600 (La. 1985), this court recognized that an objection to alleged prejudicial remarks or conduct of the prosecutor must be contemporaneous, noting that the contemporaneous objection rule exists, not only so that a trial judge may correct the error at the time it is made, but also to serve notice in the record that the complained of conduct was so noticeable as to create prejudice in the minds of those observing it. James, 459 So.2d, at pp. 1310-1311. In the case sub judice, although defense counsel allowed the prosecutor to make three references to the defendant selling crack cocaine before any objection was forthcoming, this case falls within the decision by the Louisiana Supreme Court in State v. Smith, 418 So.2d 534 (La.1982).
In Smith the trial court, out of the presence of the jury, cautioned the prosecutor against making any remarks about an outstanding charge of armed robbery pending against Smith in another parish. No references were made to any prior arrests until Smith took the stand in her own defense and testified that she had no criminal record. Thereafter, on cross examination the prosecutor asked Smith whether or not she was the same person that had been arrested in 1974 for possession of narcotics. At that point Smith denied ever being arrested. Subsequently, the state again questioned Smith about whether or not she was the same person who had been arrested on a fugitive warrant from St. Charles Parish for armed robbery. Smith admitted to this fact but noted that she had no criminal record. The defense made no objection to this line of questioning. After this exchange the state attempted to introduce Smith's rap sheet as an exhibit. The defense objected and the court sustained the objection admonishing the jury to disregard the offering.
Thereafter, during closing argument the prosecutor again alluded to other crimes committed by Smith. The prosecutor noted that Smith obviously did not have a good memory about her criminal record and pointed out that she denied ever having been arrested on narcotics charges in St. Charles Parish. At that point the defense objected and moved for a mistrial.
The Smith court determined that it was clearly erroneous for the prosecutor to question Smith on cross examination about her two prior arrests particularly in light of the court's previous warning. On the other hand, recognizing the defense did not object contemporaneously, the court found the erroneous admission of this testimony not subject to review. However, although the court found the earlier references to "other crimes" not properly preserved for appellate review, the court found that even though the prosecutor made a prejudicial reference to *620 the arrests without objection during questioning this did not grant him license to exploit defense counsel's inattention, omission, or mistake by repeated prejudicial comments in the same vein. Apparently, in Smith the court felt the state intentionally persisted in making reference to other crimes of the defendant. In support of its position the court quoted language from State v. Lee, 346 So.2d 682 (La.1977):
"Our rules are not intended to be available for manipulation by the defense or by the state." Lee, supra, at 685.
The court went on to recognize that although the evidence in the case may have been sufficient to establish the defendant's guilt beyond a reasonable doubt, that was no excuse to allow the prosecutor to make such an impermissible comment during closing. The court concluded its discussion with a finding that a mistrial was mandated under La. C.Cr.P. art. 770(2) due to exploitation of the arrest testimony during closing argument. The court noted that La.C.Cr. art. 770 conclusively determines that a reference to another crime as to which evidence is not admissible is prejudicial. In accordance with this determination the court reversed Smith's conviction.
Although the rationale employed in Smith is equally applicable here, we note the court's holding in Smith seems bolstered by their opinion that the state made intentional references to other crimes in spite of the court's words of caution. In the present case, there is no evidence that the state continued to flagrantly discuss inadmissible "other crimes" evidence. Rather, the present case seems to be one in which an over-excited prosecutor, caught up in the heat of the moment, repeatedly made reference to the defendant selling crack cocaine without any accompanying objection by the defense. Unfortunately, whatever the motive of the state, the result is the same. The defendant was prejudiced by the prosecutor's repeated references to other crimes as to which evidence was not admitted. This evidence was not part of the record and thus the state's closing argument went beyond the evidence presented at trial in violation of La.C.Cr.P. art. 774. The defendant was entitled to a mistrial under the La.C.Cr.P. art. 770(2).
The state argues its reference to defendant "selling crack cocaine" was a permissible inference from evidence that defendant had $173 in cash on his person when arrested, and that he had not worked in four years. This evidence clearly does not justify an inference that the money came from committing the crime of selling cocaine.
Having found the defendant is entitled to a mistrial for the reasons stated above, we need not address his remaining assignments of error.

DISPOSITION
For the reasons assigned, the judgment appealed is reversed and this case is remanded to the District Court for further proceedings.
REVERSED AND REMANDED.
NOTES
[*] Honorable William A. Culpepper participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.
[1] Although there was no evidence of defendant's prior conviction introduced during trial, defendant had been convicted of Distribution of Cocaine, in violation of La.R.S. 40:967(A). (Sentencing Transcript p. 11).