hDECUIR, Judge.
Joseph Bernard Taylor was charged with four counts of attempted second degree murder in violation of La.R.S. 14:27 and 14:30.1. Defendant pled not guilty to all charges. One count of attempted second degree murder was dismissed prior to trial. After trial by jury, defendant was found guilty of two counts of attempted second degree murder and one count of attempted manslaughter. Defendant now appeals his conviction, alleging one assignment of error.
FACTS
On the nights of April 24, 1994, and May 14, 1994, defendant fired several shots into the house of his former girlfriend, Vanetta Brown. Wilbert Clark was also present in Ms. Brown’s home at the time of the second incident. During both incidents, Ms. Brown’s two children were also in the house. For the April 24, 1994, incident, defendant was charged with attempted second degree murder of Vanetta ^Brown. For the May 14, 1994, incident, defendant was charged with two counts of attempted second degree murder of Wilbert Clark and Vanetta Brown, respectively.
ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, we have reviewed the record for errors patent on the face of the record. We find no errors patent.
ASSIGNMENT OF ERROR
Defendant alleges the trial court erred in denying defendant’s motion for mistrial based on the prosecutor’s reference to defendant as a “criminal” during the state’s rebuttal argument. The prosecution stated the following in its rebuttal argument:
That man didn’t even have to go to her house, he’s only a old friend, and he was just as much a friend to this man, because he’s known this guy for a long, long time, too, but he went to the house that night because she asked him, and May the 14th was the first night she was back in that house and low and behold who shows up again but this criminal, who wants to kill Ms. Brown, and he does it again, and Wilbert tells you the car. Officer Fields gets a report on the radio.
The defense then entered an objection, and both counsel approached the bench. Defendant made a motion for mistrial because of the prosecution’s reference to defendant as a criminal. In support of his motion, defendant argued there was no evidence in the record that defendant had been convicted of a crime in this state, and the comment was extremely prejudicial to the defendant. In response, the state argued that it was not referring to a prior criminal conviction but rather to the facts concerning the April 24th shooting before discussing the May 14th shooting. The trial judge found the reference to defendant as a criminal improper, but refused to grant a mistrial. Instead, the trial judge admonished the jury to disregard the comment.
^Defendant argues the trial court’s refusal to deny defendant’s motion for mistrial was error since there was no evidence presented to support the prosecution’s reference to defendant as a criminal. Defendant cites State v. Boutte, 93-1249 (La.App. 3 Cir. 4/6/94), 635 So.2d 617, in which this court found the prosecution’s reference to “defendant riding around and selling crack cocaine” improper because no evidence of such crimes was introduced at trial.
In State v. Cortez, 241 La. 610, 129 So.2d 792 (1961), the supreme court dealt with a case very similar to the ease sub judice. In Cortez, the prosecution referred to the defendant and his accomplice as “hardened criminals” in its closing argument. Id. at 793. The defendant objected claiming the prosecution made reference to prior convictions of which no evidence had been introduced at trial. Id. The prosecution, on the other hand, argued that the statement was not a reference to a prior criminal record and *151 it constituted a fair inference from the evidence relating to the actions and conducts of the defendant. Finding the comment made by the prosecution was not improper, the supreme court stated the following:
Counsel for defendant cites no law or jurisprudence in support of his contention that the term “hardened criminals” refers to prior conviction. In our opinion, the argument pressed the point that the defendant was tough and calloused. Thus construed, it was a fair comment on the evidence. We conclude that it was not improper or objectionable.
Id. at 795.
Likewise, the defendant in the case sub judi-ce has not cited any law stating that a reference to defendant as a criminal is a reference to a prior conviction. Thus, the evidence introduced in support of the prosecution’s reference to defendant as a criminal did not have to be evidence of prior convictions.
Using Cortez as a guide, we have examined the evidence produced to support the prosecution’s reference to defendant as a criminal. First, defendant was charged |4with attempted second degree murder of Vanetta Brown on two separate dates — April 24, 1994, and May 14, 1994. Second, Ms. Brown testified that prior to the shooting and after the break-up with defendant, defendant choked her twice. Finally, defendant shot into a house where children were present. We find this evidence supports the prosecution’s reference to defendant as a criminal.
In any event, if the prosecution’s comment was not supported by evidence in the record, the trial court’s admonition to the jury cured any possible error. In State v. Fanguy, 94-143 (La.App. 3 Cir. 10/5/94), 643 So.2d 860, unit denied, 94-2726 (La. 4/21/95), 653 So.2d 563, this court found that even if a comment made by the prosecutor in closing argument was error, the error was cured by the trial court’s admonition to the jury to disregard the comment. In Fanguy, the defendant was convicted of incest and attempted incest. In its closing argument, the prosecutor referred to Father Gauthe’ as a well-known convicted child-molester. The defendant objected and the trial judge instructed the jury to disregard the comment.
In the case sub judice, the trial judge admonished the jury that the reference made by the prosecutor to defendant as a criminal was improper and instructed the jury to disregard the comment. Thus, any error made by the prosecutor was cured by the trial judge’s admonishment.
The defendant in the present case requested a mistrial, and alternatively an admonishment. Although defendant did not state he was making such a request pursuant to La.Code Crim.P. art. 770, the prosecution mentioned that article in its response to defendant’s objection. The defendant himself also mailed a supplemental letter. to this court, referring this court to art. 770. At trial, the prosecution argued the provision in art. 770 which mandates a mistrial if the district attorney refers to inadmissible other crimes did not apply since he was not referring to a prior Isconviction. We have found that the prosecution’s comment did not refer to a prior conviction. Defendant has not argued the comment refers to any other crime, evidence of which was not admissible. Thus, a mistrial was not mandated under art. 770 in the present case, and the trial judge’s admonishment was sufficient.
Finally, the Fanguy court explained the following:
Moreover, a jury verdict of guilty will not be reversed due to an improper closing argument unless it can be shown that the prejudicial remark so inflamed the jury and contributed to the verdict of guilty. (Citations omitted). There is no showing that the mere reference to Father Gauthé so inflamed the jury that it influenced the jury’s verdict, especially in light of the overwhelming evidence against the defendant.
Fanguy, 643 So.2d at 868.
In State v. Robinson, 485 So.2d 156 (La.App. 2 Cir.1986), writ denied, 488 So.2d 1018 (La. 1986), the court found the prosecution’s reference to defendant as a criminal in closing argument was not improper because the evidence did show the defendant was a criminal and that he had previously been convicted of *152 committing more than one felony crime. Moreover, the court found, even if the comment was improper, the remark did not influence the jury nor contribute to the guilty verdict. In the case sub judice, defendant does not offer any proof that the comment so inflamed the jury as to influence its verdict. Additionally, defendant does not challenge the sufficiency of the evidence against him. Thus, even if the comment made by the prosecutor was improper, defendant has failed to show it inflamed the jury or contributed to their verdict.
For the foregoing reasons, defendant’s conviction is affirmed.
AFFIRMED.